## COOLMAN v D B SNIDER, INC

Docket No. 63577. Submitted June 30, 1983, at Detroit.—Decided
September 27, 1983. Leave to appeal denied, 419 Mich —.

Thomas M. Coolman, Jr., and Susan Coolman brought an action
for damages for injuries received by Mr. Coolman against D. B.
Snider, Inc., Sail Haven, Inc., Production Land Company, Leo-
nard A. Siudara, and Dean Balcirak. The case was submitted to
mediation and the mediation panel's evaluation found no cause
of action against D. B. Snider and Production Land Company
and assessed damages of $10,000 against Sail Haven and $35,-
000 against Siudara and Balcirak. All parties accepted the
mediation award. Subsequently plaintiffs brought a motion to
set aside their acceptance of the award, upon learning that the
defendants would not pay. Prior to the hearing on the motion
plaintiffs settled with defendants Siudara and Balcirak. The
Macomb Circuit Court, Kenneth N. Sanborn, J., granted plain-
tiffs' motion, setting aside the acceptance of the award as to
D. B. Snider, Sail Haven, and Production Land, holding that
Sail Haven had acted in bad faith. Plaintiff thereafter rejected
the mediation award. Defendants D. B. Snider, Inc., Sail Haven,
Inc., and Production Land Company appealed by leave granted,
alleging that the trial court did not have the discretion to set
aside a mediation award which had been accepted by all the
parties. *Held:*

1. The trial court had the discretion, prior to entry of
judgment, to entertain a motion to set aside acceptance of the
mediation evaluation for any of the reasons enumerated in
GCR 1963, 528.3, governing the granting of relief from judg-
ments.

2. The trial court's holding that a defendant who could not
pay an award assessed against it should avoid mediation en-
tirely or reject an award that it cannot pay was erroneous.
Further, there was no evidence of fraud or bad faith on the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 167.
[2] 46 Am Jur 2d, Judgments § 796.
[3] 5 Am Jur 2d, Arbitrationand Award § 151 *et seq.*

part of the defendants. The trial court should not have ordered plaintiff's acceptance of the award set aside.

Plaintiffs' acceptance is reinstated. The trial court is reversed and the matter remanded.

1. Courts — Mediation — Acceptance of Mediation Award.

A trial court may properly entertain, prior to entry of judgment on a mediation award, a party's motion to set aside its acceptance of the mediation valuation for any of the reasons enumerated in the court rule governing the granting of relief from judgments (GCR 1963, 528.3).

2. Judgments — Relief From Judgments.

The granting or withholding of relief from a judgment is within the discretion of the trial court (GCR 1963, 528.3).

3. Courts — Mediation — Acceptance of Mediation Award.

The function of mediation is to determine liability and damages; acceptance of a mediation award does not imply a promise to satisfy that award (GCR 1963, 316.1[a], 316.6[f][2]).

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Patrick J. Nolan*), for plaintiffs.

*Gary R. Rentrop, P.C.* (by *Jeffrey K. Haynes*), for appellants.

Before: Cynar, P.J., and Hood and R. J. Jason,* JJ.

Per Curiam. Defendants, D. B. Snider, Inc., Sail Haven, Inc., and Production Land Company, appeal by leave granted from an order of the trial court setting aside plaintiffs' acceptance of a mediation award, and a subsequent order denying defendants' motion for rehearing.

On July 18, 1979, plaintiff Thomas Coolman was injured when he fell through a dock located at the Sail Haven Marina in Mount Clemens. Coolman and his wife, Susan Coolman, brought suit against the Production Land Company, the owner of the

* Circuit judge, sitting on the Court of Appeals by assignment.

land; Sail Haven, Inc., the lessee of the Marina; D. B. Snider, Inc., operator of the boat sales office at the marina; and Leonard Siudara and Dean Balcirak, owners of the boat plaintiff was to crew on when the accident occurred.

On December 2, 1980, plaintiffs learned that Siudara and Balcirak carried liability coverage on their boat in an amount of $100,000, while D. B. Snider, Inc., Sail Haven, Inc., and Production Land Company were uninsured. Mediation was held on July 20, 1981. The mediators returned an evaluation of no cause of action against defendants D. B. Snider, Inc., and Production Land Company. $10,-000 was evaluated against Sail Haven, Inc., and $35,000 was evaluated agianst Siudara and Balcirak.

On August 6, 1981, plaintiffs accepted the mediation award and served acceptance on the adverse parties. Defendants Siudara and Balcirak accepted the mediation award on August 7, 1981, and likewise sent notice of their acceptance to all parties. By stipulation of the parties dated August 10, 1981, defendants Sail Haven, Inc., D. B. Snider, Inc., and Production Land Company were granted an additional 21 days to accept or reject the mediation award. The stipulations stated that these defendants, related entities, needed additional time to consult with officers and directors of the corporations regarding the decision to accept or reject the award. On August 21, 1981, all defendants accepted the mediation award.

Shortly after defendants accepted the mediation award, plaintiffs' counsel was informed that defendants would not pay plaintiffs the amount owing and that collection proceedings would have to be instituted. On September 10, 1981, plaintiffs moved in the Macomb County Circuit Court that

the mediation award be set aside. Prior to the hearing on the motion, plaintiffs settled with defendants Siudara and Balcirak for the amount agreed on in mediation. After a hearing on plaintiffs' motion, the circuit judge issued his opinion and order dated October 27, 1981, setting aside the acceptance of the mediation award by the parties.

On November 3, 1981, plaintiffs rejected the mediation award. Defendants D. B. Snider, Inc., Sail Haven, Inc., and Production Land Company moved for a rehearing of the court's opinion and order. The trial court denied defendants' motion for a rehearing and certified its opinion and order of October 27, 1981.

GCR 1963, 316.7(a) provides:

"If all the parties accept the [mediation] panel's evaluation, judgment will be entered in that amount, which includes all fees, costs, and interest to the date of judgment."

The legal question presented by this appeal is one of first impression. Does a trial judge have discretion to set aside, on motion of a party, a mediation evaluation accepted by all parties? We are guided in this inquiry by two recent appellate decisions concerning Wayne County mediation rules.

In *Cooper v Automotive Finishes, Inc,* 109 Mich App 530; 311 NW2d 414 (1981), the plaintiff sued the defendants for wrongful discharge from employment. The mediation board unanimously evaluated the plaintiff's claim at $4,500, and notice of this evaluation was mailed to the attorneys. Pursuant to local rule 403, specifically WCCR 403.7(e) and 403.15(a), the evaluation was deemed to have been accepted upon the defendants' failure timely

to reject the evaluation in writing,[1] and the parties were notified that judgment was being entered.

The defendants then moved for leave to file a belated rejection of the mediation evaluation and to set aside the judgment. Defendants' counsel argued that they had been unaware that a written rejection was required and that acceptance had not been intended. The trial court was of the opinion that the local rules conferred upon it no discretion to consider such a motion and, upon denying the motion, entered judgment in favor of the plaintiff.

This Court ruled that denial of the motion to file a belated rejection was proper, as WCCR 403 unambiguously provided that judgment was to be entered if the evaluation was not rejected. However, the *Cooper* Court observed that relief from the resultant judgment was available under GCR 1963, 528.3:

"We conclude that this subrule 528.3 was available to the court to enable it to make a discretionary decision on whether relief could be granted from the mediation final judgment. In short, the court had the power under GCR 1963, 528.3 to consider whether to grant or deny a motion for relief on the basis of the enumerated grounds.

"Since the trial court can exercise its discretionary power under GCR 1963, 528.3, we reverse and remand for the court's discretionary determination of whether counsel's admitted unawareness of the necessity to send a written rejection within 40 days constitutes either mistake, inadvertence, surprise, excusable neglect, or a reason justifying relief from the operation of the judgment." *Cooper, supra,* p 534.

[1] The General Court Rules provision governing acceptance or rejection of a mediation award is the exact opposite. Under GCR 1963, 316.6(h)(1), the failure to file a written acceptance of a mediation evaluation constitutes rejection.

*Cooper* was cited as controlling in *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 111 Mich App 467; 315 NW2d 170 (1981), *lv den* 414 Mich 943 (1982), under facts substantially similar to those in *Cooper.* Here again the defendant failed to send written acceptance or rejection of a mediation evaluation in a timely fashion, and acceptance of the award was presumed under WCCR 403. The plaintiff moved for entry of judgment and the defendant moved to set aside the evaluation. The court granted the former motion but denied the latter. Subsequently, defendant filed a motion for rehearing and to set aside the judgment. This motion was denied and defendant took its appeal therefrom.

Following *Cooper,* this Court ruled that, while the trial judge had the discretionary power to overturn the judgment per GCR 1963, 528.3, it had indeed exercised its discretion in this case. What is not clear from this Court's opinion in the *MGM Division* case is whether the trial judge had discretion to grant the defendant's initial motion to set aside the mediation evaluation.

The Supreme Court granted the defendant's motion for reconsideration and disposed of the case in the following manner:

"In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), the case is remanded to the circuit court for reconsideration of the motion to set aside the acceptance of the mediation evaluation. It is unclear on the record before the Court whether the circuit judge understood that he had the discretion to grant the motion. Consequently, on remand, he shall hear the motion and exercise his discretion." 417 Mich 905 (1983).

The source and extent of the trial court's discre-

tion to address the defendant's prejudgment motion to overturn acceptance of the mediation evaluation was not defined.

The cases discussed above are, of course, capable of being distinguished from the instant case as a different procedural rule was involved. However, we question whether this distinction is meaningful. In this case the mediation rules anticipate entry of judgment upon acceptance of the mediation evaluation by all parties. GCR 1963, 316.7(a). The Wayne County local rules, while treating failure timely to reject as an acceptance, similarly provide for an automatic entry of judgment upon acceptance. If a judge has discretion to set aside, before judgment is entered, acceptance of an evaluation under the Wayne County rules, he should be able to do so under the General Court Rules as well.[2]

Recognition of such discretion also makes practical sense. If under the court rule entry of judgment is a ministerial legal consequence of universal acceptance of a mediation evaluation, and GCR 1963, 528.3 gives the court discretion to set aside the judgment itself, why should the same degree of discretion not exist prior to entry of judgment on motion to set aside the mediation acceptance? We hold that a trial judge may properly entertain, prior to entry of judgment, a motion to set aside acceptance of a mediation evaluation under GCR 1963, 316 for any of the reasons enumerated in GCR 1963, 528.3.

GCR 1963, 528.3 "provides broadly for discretionary relief from a final judgment upon any grounds that would establish the injustice of per-

---

[2] Written acceptance of a mediation award could be the result of a mistake or misunderstanding and, hence, should not be distinguished from failure to file a written rejection for purposes of this comparison.

mitting the judgment to stand". *Miller v Varilek,* 117 Mich App 165, 169; 323 NW2d 637 (1982). The granting or withholding of such relief is of course discretionary. *Postill v Postill,* 116 Mich App 578, 580; 323 NW2d 491 (1982), *lv den* 417 Mich 902 (1983). In the instant case that discretion was exercised, but improvidently so; hence we reverse.

Plaintiffs argued below, as they do here, that acceptance of the mediation evaluation by defendants raised an implied promise to pay, and that refusal to tender payment constituted a fraud on the court. The trial court's opinion expressed a similar view:

"Herein, Sail Haven, apparently knew that its financial situation was precarious. It could have petitioned to avoid mediation, but did not do so. Moreover, having gone through the mediative process, Sail Haven could and should have rejected the award if it could not pay it. Sail Haven's present tactic amounts to bad faith, mocks the mediation rule and amounts to legal reneging. In the absence of demonstrated sanctions for such conduct, the court will order that the Coolman's acceptance of the award against Sail Haven, Snider and Production, be set aside and held for naught."

We cannot agree with this. Initially, we find no evidence of fraud or bad faith in defendants' conduct. Plaintiffs were aware that defendants carried no applicable insurance, and defendants never represented to plaintiffs that they were otherwise capable of paying the sum assessed against them. We reject plaintiffs' contention that acceptance of a mediation award implies a promise to satisfy that award. The function of mediation is to determine liability and damages. See GCR 1963, 316.1(a) and 316.6(f)(2). The trial court's opinion that a financially troubled defendant should avoid mediation entirely or reject an award that it can-

not readily satisfy is specifically disapproved. We know of no authority suggesting that mediation is unavailable to the impecunious and decline to so hold. Plaintiffs' acceptance of the mediation award is reinstated.

Reversed and remanded.