YOUNG v EVERLOCK TAYLOR CORPORATION

Docket No. 73856. Submitted May 16, 1984, at Detroit.—Decided
October 1, 1984. Leave to appeal applied for.

Kenneth Young commenced a negligence action in Wayne Circuit
Court against Everlock Taylor Corporation. A default was
entered against defendant. The default was set aside by stipula-
tion of the parties. Following discovery, the matter was submit-
ted to mediation. The mediation board entered an evaluation of
$150,000 in favor of plaintiff. When neither party rejected the
mediation evaluation within the period prescribed in Wayne
County Court Rules, notice was sent to the parties informing
them that the mediation award had been accepted. Plaintiff
moved for entry of judgment on the mediation award. Defense
counsel responded with a motion to allow late filing of defen-
dant's rejection of the mediation award or, in the alternative,
to set aside the judgment entered on the award, alleging that
the failure to file the rejection of the award was unintentional
and the result of a clerical error arising out of personnel
changes in defense counsel's office. The trial court, Harry J.
Dingeman, Jr., J., entered a judgment on the award and denied
the defense motion. Defendant appealed. *Held:*

A motion for relief from a mediation award is addressed to
the discretion of the trial court and will not be overturned on
appeal absent a showing of an abuse of discretion. Since defen-
dant has failed to establish any extraordinary circumstances
explaining or excusing the failure to make a timely rejection of
the mediation award, the trial court's refusal to grant defen-
dant's motion cannot be said to be an abuse of discretion.

Affirmed.

BRONSON, J., dissented. He would hold that the trial court
failed to address the question of defense counsel's excuse for
failing to make a timely rejection of the mediation award but
rather denied the defense motion on the basis of unwarranted

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Appeal and Error § 722 *et seq.*
5 Am Jur 2d, Arbitration and Award § 167 *et seq.*
46 Am Jur 2d, Judgments §§ 671 *et seq.*, 799.

perceptions of defense counsel's behavior. He would reverse and remand to the trial court with instructions that it set aside the acceptance of the mediation evaluation.

OPINION OF THE COURT

1. COURTS — MEDIATION — JUDGMENTS — RELIEF FROM JUDGMENT — ABUSE OF DISCRETION — APPEAL.

A motion for relief from a mediation award, whether it be a motion to set aside the acceptance of the mediation award or a motion for relief from a judgment entered pursuant to the mediation award, is addressed to the discretion of the trial court; appellate review of the trial court's determination to grant or deny relief is limited to determining whether the trial court abused its discretion (GCR 1963, 528.3).

2. COURTS — MEDIATION — JUDGMENTS — RELIEF FROM JUDGMENT — ABUSE OF DISCRETION.

An abuse of discretion such as will warrant the reversing of a trial court's determination to deny a defense motion for relief from a mediation award is not shown where there is no indication that the trial court entertained unwarranted perceptions of defense counsel's behavior and defense counsel failed to establish any extraordinary circumstances explaining or excusing his failure to object to the mediation award in a timely fashion.

DISSENT BY BRONSON, J.

3. COURTS — MEDIATION — JUDGMENTS — RELIEF FROM JUDGMENT — ABUSE OF DISCRETION.

It is an abuse of discretion for a trial court to deny a motion for relief from a mediation award where the trial court fails to address the question of defense counsel's excuse for failing to make a timely rejection of the mediation award.

*Kozlow, Woll, Crowley, Berman & Olsman* (by *Jules B. Olsman),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs),* for defendant on appeal.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

M. J. KELLY, P.J. Defendant appeals as of right from a trial court order denying its motion to allow the late filing of a mediation rejection. Defendant appeals as well from the entry of a judgment entered in favor of plaintiff in the amount of $150,000, pursuant to WCCR 403.15(a). We affirm.

Plaintiff commenced this personal injury action against defendant in 1981. A subsequently entered default was set aside by stipulation of the parties on January 21, 1982. On May 24, 1983, a mediation hearing was held before the Wayne County Tribunal Service, which evaluated plaintiff's claim at $150,000. Since neither party rejected the mediation award as required under WCCR 403.15(a), the mediation clerk sent notice to both parties informing them that the award had been accepted. Plaintiff filed a motion for entry of judgment and defendant responded with this motion to allow late filing of its rejection or, in the alternative, to set aside the judgment entered. The trial court denied both motions, stating:

"I think I've heard it all, counsel. After all, there are others waiting behind you. The court is aware of at least one case in which the appellate court excused counsel after a heart rendering plea that he was late because of lack of knowledge of the rule, and you, Mr. Zierk, offer a similar excuse having to do with difficulties among your clerical office help.

"However, a quick review of the file, and from what you've told us here, indicates not only did you not reject the mediation award as provided for by the rules, but that you couldn't attend the mediation hearing because of other apparently more important affairs and sent somebody else to do that. It also appears that this case,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in January of '82, had gone into default and you prevailed upon opposing counsel to stipulate to set aside your default. I don't know how many more important matters you have, but it appears that this one has been placed on the back burner from its inception.

"I am afraid I'm going to have to turn a deaf ear on your plea. Perhaps you can sell it down the street. If you can, good luck to you. Your motion is denied."

WCCR 403.7(e) provides that upon receipt of the board's mediation evaluation, the parties involved have 40 days within which to accept or reject it in writing. Where neither party rejects the award in writing, the award will be deemed to have been accepted and a judgment will be entered in the mediated amount. WCCR 403.15(a). It is within the discretion of the trial court to set aside an acceptance of a mediation award prior to entry of a judgment upon the award. *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983). Both before and after a judgment has been entered pursuant to the acceptance of a mediation award, relief is available as with any other judgment under GCR 1963, 528.3 and a trial court's decision to grant or deny relief will be reviewed only for an abuse of discretion. *Coolman v D B Snider, Inc,* 129 Mich App 233; 341 NW2d 484 (1983); *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 534; 311 NW2d 414 (1981).

In this case, the trial court recognized that defense counsel's failure to reject the mediation award in writing was inadvertent and attributable to a change of personnel in his clerical staff. The court further looked to the overall record and considered that a default had at one time been entered against the defendant and that defense counsel had failed to attend the mediation hearing, sending in his stead another attorney from his

firm who was unfamiliar with the file. While it is true that defense counsel had not yet been retained at the time the default was entered, that does not justify cavalier handling—quite the contrary. Further, defense counsel's absence from the mediation hearing, though arguably necessary, cannot be ascribed to circumstances beyond his control. Juggling of conflicting hearing dates and times is the trial lawyer's lot; conflicts are routine, foreseeable and, indeed, inevitable. The diligent attorney must marshall his resources and resolve such conflicts before detrimental consequences descend, not after.

We cannot conclude that the trial court's refusal to grant defendant's motion was based on "unwarranted perceptions of defense counsel's behavior" and we thus find no abuse of discretion. Defendant has failed to establish any extraordinary circumstances explaining or excusing its failure to reject the mediation award, and we find none. *Lark v Detroit Edison Co,* 99 Mich App 280; 297 NW2d 653 (1980), *lv den* 410 Mich 906 (1981).

Affirmed.

C. W. SIMON, J., concurred.

BRONSON, J. *(dissenting).* I respectfully dissent. While I sympathize with the trial court's impatience, I believe the court abused its discretion in refusing to set aside acceptance of the mediation evaluation.

The trial court's decision was based on its feeling that defense counsel "had more important matters pending" and had placed this case on the "back burner from its inception".

Defense counsel explained to the trial court that the default was not the result of any inadvertence or mistake on his part and that, as soon as the

case was made known to him, a stipulation was promptly suggested, executed, and the case proceeded in a timely manner. Defense counsel further explained that his inability to attend the mediation hearing was necessitated by a settlement conference in Macomb County which was unexpectedly extended approximately an hour and a half while the circuit court judge left to attend a meeting of the board of commissioners.

Rather than addressing defense counsel's excuse for his failure to make a timely rejection of the mediation award, the trial court denied defendant's motion based on unwarranted perceptions of defense counsel's behavior. Under these circumstances, I would reverse and remand to the trial court with instructions that it set aside the acceptance of the mediation evaluation.