MUNTEAN v CITY OF DETROIT

Docket No. 78071. Submitted February 19, 1985, at Detroit.—Decided June 4, 1985.

Plaintiffs, Elisabeta Muntean and Petru Muntean, brought an action in the Wayne Circuit Court seeking damages for personal injuries suffered by Elisabeta Muntean in a slip and fall accident. Named as the defendant was the City of Detroit. The matter was referred to a mediation panel which issued an evaluation of $200,000 in the plaintiffs' favor. Neither party submitted a notice of rejection within the 40-day limitation period provided therefor, however, defense counsel filed a late rejection of the evaluation 14 days after the expiration of the limitation period. Defendant's failure to file the rejection within the 40-day period was the result of the admittedly neglectful misplacement of the file in defense counsel's office. Defendant filed a motion to set aside the acceptance of the mediation evaluation. The motion was heard by Lucile A. Watts, J., the circuit judge assigned to pretrial proceedings in the matter. The assigned judge did not rule on the motion, but indicated that she was inclined to grant it. The assigned judge agreed with plaintiffs' attorney that a judgment must enter before the motion to set aside acceptance could be heard and adjourned the matter until entry of judgment. Plaintiffs' attorney then submitted a draft judgment to the Chief Judge of the Wayne Circuit Court, Richard D. Dunn, and the same was entered by the Chief Judge in conformity with local practice. Defendant then brought a motion before the Chief Judge to set aside the judgment and/or for late rejection of mediation. The Chief Judge denied the motion, indicating that under the facts before him he had no discretion. Defendant appeals from the Chief Judge's order of judgment for the plaintiffs and order denying its motion to set aside the judgment. *Held:*

1. The Chief Judge lacked authority to rule on the motion to

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 4 *et seq.*

[2] 46 Am Jur 2d, Judgments § 671 *et seq.*

Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

[3] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*

set aside the mediation acceptance and/or judgment. The matter is remanded to the assigned judge for reconsideration of defendant's motion. The Court of Appeals affirmed the circuit court's policy that the Chief Judge may enter a judgment based upon an acceptance of a mediation award where the award is uncontested by the parties. The Court of Appeals noted, however, that the issue posed by a motion to set aside a judgment or mediation acceptance calls for an exercise of judicial discretion and that, unless the assigned judge was absent or otherwise unable to act, her authority over the matter continued to the date of trial, if any.

2. Defendant did not waive the issue regarding the Chief Judge's authority. The issue was properly brought to the Court of Appeals.

3. The Chief Judge was in error when he concluded that the facts of this case allowed no other decision than to decline to set aside the judgment. Whether defendant's act of neglect is excusable is a matter for the assigned judge to hear.

4. The Court of Appeals noted that the law presently provides that it is within the discretion of the trial court to set aside an acceptance of a mediation award both prior to and after entry of a judgment upon the award and that the trial court's decision will be reviewed only for an abuse of discretion.

5. Instructions were provided regarding the awarding of attorney fees to the plaintiffs.

Reversed and remanded.

WAHLS, P.J., concurred in the result for the reason stated by the majority in response to defendant's argument that the Chief Judge lacked authority to rule on the motion to set aside the mediation acceptance and/or judgment.

1. TRIAL — PRETRIAL MATTERS — WAYNE CIRCUIT COURT RULES.

A Wayne Circuit Court Rule provides that, unless the assigned judge is absent or otherwise unable to act, the assigned judge shall handle all preliminary matters until trial of the case begins (WCCR 6.1[b]).

2. JUDGMENTS — MEDIATION AWARDS — APPEAL — COURT RULES.

It is within the discretion of the trial court to set aside an acceptance of a mediation award both before and after entry of a judgment upon the award; the trial court's decision to grant or deny relief will be reviewed only for an abuse of discretion (GCR 1963, 528.3).

3. APPEAL — JUDICIAL DISCRETION.

There is no single standard by which to measure the exercise of

judicial discretion; the standard holds meaning only in the context of its application.

*Stegman & Kelin, P.C.* (by *Alexander M. Kelin),* for plaintiffs.

*David N. Smokler,* Assistant Corporation Counsel, for defendant.

Before: WAHLS, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appeals as of right from an order of judgment for plaintiffs and an order denying its motion to set aside the judgment. GCR 1963, 528.3. The judgment was entered by the Chief Judge of the Wayne County Circuit Court following defendant's failure to reject a mediation evaluation within 40 days. WCCR 403.7(e), 403.15(a). We reverse and remand for further proceedings.

Plaintiffs alleged in their complaint that plaintiff Elisabeta Muntean sustained personal injuries when she slipped and fell over an unnatural accumulation of ice and snow located between the sidewalk and street along West Jefferson Avenue and that the mishap resulted from defendant's negligence. The matter was referred to a mediation panel. The panel issued an evaluation of $200,000. The defense attorney asked counsel for plaintiffs whether he would consider extending the time for acceptance or rejection of the mediation evaluation beyond the 40-day period. Plaintiffs' attorney responded that he could not do so without client approval.

The parties received notice of the 40-day limitation upon receipt of the mediation award. The 40

---

* Circuit judge, sitting on the Court of Appeals by assignment.

days expired on February 1, 1984. Neither party submitted a notice of rejection.

On February 14, defense counsel filed a late rejection of the mediation evaluation, claiming that he had just learned that he had failed to reject the evaluation. Defense counsel also stated that during the 40-day period he had determined that he wanted to conduct further discovery before deciding whether to adopt or reject the award. He stated that he never intended to accept the mediation evaluation. Rather, the file was placed in a cabinet, where it escaped his attention until after the deadline. Counsel also claimed to have been engrossed in an unusually busy schedule at the time.

Defendant filed a motion to set aside the acceptance of the mediation evaluation. The motion was heard by the circuit judge assigned to pre-trial proceedings in the matter. WCCR 6.1. The assigned judge did not rule on the motion, but indicated that she was inclined to grant it. Plaintiffs' attorney argued that the motion was premature because the official "notification of acceptance" had not been received by the parties and no judgment could enter. The judge agreed that a judgment must enter before the motion to set aside acceptance could be heard[1] and adjourned the matter until entry of judgment. Subsequently, both parties received the notification of acceptance and an attached notice which directed that the judgment be submitted to the Chief Judge within 10 days. The Chief Judge would enter the judgment upon appearance and payment of the judgment fee.

Plaintiffs' attorney submitted a draft judgment

---

[1] This view no longer reflects the law. See the quotation from *Young v Everlock Taylor Corp*, 137 Mich App 799, 802; 359 NW2d 213 (1984), *infra*.

and the same was entered by the Chief Judge. Defendant then brought a motion before the Chief Judge to set aside the judgment and/or for late rejection of mediation. The record divulges the following exchange between the Chief Judge and defense counsel at the motion hearing:

"*The Court:* I understand that, but the purpose, and I have to strike some sort of balance between the purpose of the rule which is to achieve finality and to remedy any injustice. And I'm not satisfied that—I mean—if I granted your motion, that *[sic]* I would remedy an injustice.

"The case was evaluated by three competent mediators. They placed an evaluation of 200 thousand dollars and you did not reject within the 40-day period. In fact, you did not reject until how many days after?

"*Mr. Smokler:* 14 days after.

"*The Court:* Expired.

"*Mr. Smokler:* 14 days.

"*The Court:* You knew that.

"*Mr. Smokler:* I didn't know until Mr. Burnette in my office came up to me, and told me he talked to Mr. Kelin, and that we had accepted. And I went and got the file and found there was a slip.

"*The Court:* Well, you were careless. You were careless, right?

"*Mr. Smokler:* Yes, I guess you might say that I made a mistake, but I—but I—but I diligently pursued the file. I setup *[sic]* depositions, I setup *[sic]* medical examinations.

"*The Court:* I know that. I know that. I'm well aware of that.

"*Mr. Smokler:* To do discovery.

"*The Court:* However, I do not find that you have set forth grounds where I can invoke my discretion under 528. I really don't."

From this language, it appears that the Chief Judge did not exercise his discretion against defen-

dant. Rather, he indicated that under the facts before him he had no discretion.

In this appeal, defendant argues that the Chief Judge lacked authority to rule on the motion to set aside the mediation acceptance and/or judgment and that the Chief Judge abused his discretion by denying the motion even if he had such authority. We agree with the first of defendant's assertions. Since there was no authority for the Chief Judge to rule on the motion, we remand this matter to the assigned judge for reconsideration of defendant's motion.

We can find no provision of the general or local court rules which furnishes the Chief Judge with the authority to rule on motions to set aside mediation acceptances or judgments entered pursuant to such acceptances. Apparently, he has assumed the task of entering judgments based upon an acceptance of mediation awards as a matter of policy. This appears to be an administrative or ministerial act involving no exercise of judgment or discretion. However, the Chief Judge has also assumed the task of ruling on motions to vacate mediation awards where he has entered judgments on the original assumption that they were uncontested.

As authority for this practice, plaintiffs refer to the wide range of the Chief Judge's authority, delineated in GCR 1963, 925.5(c). There is no specific allowance for the policy at issue here. The Chief Judge "shall act in conformity with the general court rules, administrative orders of the supreme court, and local court rules". GCR 1963, 925.5(a). Under WCCR 6.1(b), the assigned judge "shall handle all preliminary matters until trial of the case begins".

We do not hesitate to affirm the policy insofar as it allows the Chief Judge to enter a judgment

which is uncontested by the parties. In this respect, the policy serves to relieve the circuit bench of a purely administrative task, a function well within the Chief Judge's authority to supervise the work of that court. GCR 1963, 925.5(c), *supra.* But the issue posed by a motion to set aside a judgment or mediation acceptance calls for an exercise of judicial discretion. GCR 1963, 528.3. Unless the assigned judge was absent or otherwise unable to act, her authority over the matter continued to the date of trial, if any. WCCR 6.1(b), *supra; Totzkay v Dubois (After Remand),* 140 Mich App 374; 364 NW2d 705 (1985).

Plaintiffs argue that defendant waived the issue of the Chief Judge's authority by not raising it below and by pursuing the motion before the Chief Judge. We disagree. At the time defendant brought the motion, it was believed that the circuit court could not set aside a mediation acceptance, but had to await entry of judgment to grant relief. *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 533; 311 NW2d 414 (1981). This belief led the assigned judge to withhold relief until judgment entered on the mediation award. The notification of acceptance required submission of the proposed judgment to the Chief Judge. Thus, defendant acted in conformity with the local practice. In addition, defendant filed a motion for rehearing, arguing that the assigned judge had authority to set aside the acceptance. The Chief Judge denied the motion for rehearing. We are not convinced by plaintiffs' argument that defendant wishes to engage in "forum shopping". The assigned judge had already indicated she would grant the motion, so there was no need for defendant to "shop" any further. We are satisfied that the issue is properly brought to this Court.

Our conclusion that the Chief Judge lacked

authority to rule on the motion dictates a remand to the assigned pre-trial judge for reconsideration of that motion. As noted above, the issue calls for an exercise of judicial discretion. Our standard of review is as follows:

"* * * It is within the discretion of the trial court to set aside an acceptance of a mediation award prior to entry of a judgment upon the award. *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983). Both before and after a judgment has been entered pursuant to the acceptance of a mediation award, relief is available as with any other judgment under GCR 1963, 528.3 and a trial court's decision to grant or deny relief will be reviewed only for an abuse of discretion. *Coolman v D B Snider, Inc,* 129 Mich App 233; 341 NW2d 484 (1983); *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 534; 311 NW2d 414 (1981)." *Young v Everlock Taylor Corp,* 137 Mich App 799, 802; 359 NW2d 213 (1984).

Defendant urges that the judgment be set aside by reason of "mistake, inadvertence, surprise, or excusable neglect". GCR 1963, 528.3(1); MCR 2.612(C)(1)(a). We conclude that the assigned judge should have the opportunity to determine the merits of defendant's motion in the first instance. In fact, we are not convinced from the record that either a grant or a denial of the motion would constitute an abuse of discretion.

There is no single standard by which to measure the exercise of judicial discretion. The standard holds meaning only in the context of its application. *Alder v Flint City Coach Lines, Inc,* 364 Mich 29, 30; 110 NW2d 606 (1961). In this case, we are faced with a motion to set aside a judgment, based on the admittedly neglectful misplacement of a file in defense counsel's office. Since the motion is for the assigned circuit judge to decide, we cannot affirm unless we can discern from the record be-

fore us that a grant of the motion would be an abuse of discretion as a matter of law. A review of the relevant authority convinces us that a grant of the motion would not necessarily be an abuse of discretion.

The source provision for GCR 1963, 528.3(1), *supra,* is Federal Rule of Civil Procedure 60(b)(1). Under that provision, the federal courts have granted relief "in a wide variety of circumstances, including the oversight of a law clerk in failing to serve a more definite statement * * * [and] a default suffered through the excusable neglect of an attorney preoccupied with other litigation". 3 Honigmån & Hawkins, Michigan Court Rules Annotated (2d ed), p 182. We realize that on several occasions this Court has refused to find an abuse of discretion in denial of relief in such unremarkable circumstances. Many attorneys have busy schedules. "The diligent attorney must marshall his resources and resolve such conflicts before detrimental consequences descend, not after." *Young, supra,* p 803. See, also, *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan,* 119 Mich App 671, 674-675; 326 NW2d 599 (1982), *lv den* 417 Mich 1076 (1983). Nevertheless, affirmance in those cases was based, at least in part, on the standard of review. We did not hold that the trial court would have abused its discretion by granting relief, but only that the court did not abuse its discretion by refusing it.

That in many cases a court would not abuse its discretion by either granting or denying relief from a judgment is an inevitable result of the standard of review. Whether we apply the nearly insurmountable test of *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), or the more balanced view suggested in *Langnes v Green,* 282 US 531, 541; 51 S Ct 243; 75 L Ed 520 (1931),

the concept of discretion denotes the absence of a single, correct result:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding, supra,* pp 384-385.

"The term 'discretion' denotes the absence of a hard and fast rule. * * * When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes, supra,* p 541. See also *People v Talley,* 410 Mich 378, 387, 398; 301 NW2d 809 (1981).

Moreover, our review is guided by a firm appreciation of the trial court's position, including its exclusive opportunity to hear the witnesses firsthand. *Stone v Stone,* 349 Mich 162, 173; 84 NW2d 338 (1957).

There are instances in which the Michigan courts have affirmed the trial court's grant of relief from a judgment, or reversed a denial of such relief, in circumstances similar to those in the instant case. In *Albro Leasing, Inc v Sylvester,* 40 Mich App 227; 198 NW2d 437 (1972), the trial court set aside a default judgment, concluding that the misfiling of a garnishment writ during the process of moving from one office to another was

"excusable neglect" under GCR 1963, 528.3(1), *supra.* This Court found no abuse of discretion. In *McDonough v General Motors Corp,* 6 Mich App 239; 148 NW2d 911 (1967), *lv den* 379 Mich 763 (1967), there was a similar misfiling. This Court reversed the trial court's denial of relief and remanded the matter for trial.

In *Bednarsh v Winshall,* 364 Mich 113; 110 NW2d 729 (1961), the Supreme Court took similar action. The defendant therein was served with a complaint and summons and took them to his attorney. The attorney turned them over to another lawyer, resulting "in some confusion as to conducting the defense". *Id.,* p 114. Fifteen days after default and three days after entry of a default judgment, defendant moved to set aside the default and judgment. The Supreme Court stated, "we think it was an abuse of discretion to deny the motion". *Id.*

Webster's Third New International Dictionary (1966 ed) defines "neglect" as "to give little or no attention or respect to", to "deal with as if of little or no importance", and "to fail to attend to sufficiently or properly". The same volume defines "inadvertence" as "lack of care or attentiveness: inattention". Implicit in the court rule is an understanding that mistakes and oversights do occur. The court rules "wisely contemplated that litigants and lawyers might make such errors without suffering the cataclysmic consequence" of dismissal without a hearing on the merits. *Totman v Royal Oak School Dist,* 135 Mich App 121, 126; 352 NW2d 364 (1984). While many acts of neglect are not "excusable", some are, else that word would not appear in the rule. Whether a given act of neglect is excusable is a matter for the circuit court. See, *Cooper, supra,* p 534, where, having concluded that the trial court had discretion to set

aside a judgment entered upon an unrejected mediation award, this Court remanded for the trial court's "discretionary determination". Of course, the judgment should be set aside only if failure to do so "will result in substantial injustice". *Lark v Detroit Edison Co,* 99 Mich App 280, 283; 297 NW2d 653 (1980), *lv den* 410 Mich 906 (1981). The court must "strike a balance between the goal of remedying injustice, on the one hand, and the desire to achieve finality in litigation, on the other hand". Honigman & Hawkins, *supra,* p 181.

In summary, the Chief Judge had no authority to rule on the motion. He was also in error when he concluded that the facts of this case allowed no other decision than to decline to set aside the judgment. We therefore remand the cause to the assigned judge for reconsideration of the motion. It might be argued that the assigned judge lacks authority to set aside a judgment entered by the Chief Judge. MCR 2.613(B). In the present circumstances, however, the Chief Judge's entry of the judgment was actually done in lieu of the assigned judge, according to the policy noted above. Such entry cannot diminish the assigned judge's authority over the matter.

We also conclude that plaintiff should not be penalized for defendant's neglect, "excusable" or otherwise. Accordingly, if the motion to set aside the judgment is granted on remand, plaintiffs must be awarded costs and reasonable attorney fees necessitated by defendant's failure to file its rejection in a timely fashion. *Walters v Arenac Circuit Judge,* 377 Mich 37; 138 NW2d 751 (1966). We also conclude that attorney fees should be based on a reasonable hourly rate regardless of whether plaintiffs' counsel is handling this case on a contingency basis. *Crawley v Shick,* 48 Mich App 728, 737; 211 NW2d 217 (1973). Any fee set by the

trial court must be paid forthwith as a condition of setting aside the judgment. Attorney fees are to be set for all services performed in connection with the default judgment from February 1, 1984, to April 30, 1984, the date of filing the claim of appeal, plus all services performed by plaintiffs' counsel in connection with the motion on remand.

Reversed and remanded for further proceedings consistent with this opinion. We express no opinion on how the trial court's discretion should be exercised. Costs to plaintiffs.

WAHLS, P.J., concurred in the result for the reasons stated by the majority in response to appellant's first argument.