BUSCH v HOFFMEYER

BUSCH v STATE OF MICHIGAN

Docket Nos. 87865, 87866. Submitted October 7, 1986, at Lansing. Decided April 6, 1987. Leave to appeal applied for.

Arthur Busch, personal representative of the estate of Robert Murphy, Jr., Juanita Murphy, Raymond Murphy, next friend of Matthew Murphy and Ceia Murphy brought an action in Washtenaw Circuit Court against Paul Hoffmeyer and Debra Ann Kranick for damages resulting from the drowning death of Robert Murphy, Jr. Because the accident leading to decedent's death occurred in a state recreation area, Arthur Busch in his representative capacity brought a similar action against the State of Michigan in the Court of Claims. The Court of Claims action was assigned to Henry T. Conlin, J., the Washtenaw circuit judge to whom the Washtenaw Circuit Court action had been assigned. Mediation of all claims was held on June 6, 1985, and on that same date the mediation panel issued a mediation valuation of $20,000 in favor of plaintiffs against defendant Hoffmeyer, $7,500 in favor of plaintiffs against defendant Kranick and no cause for action against the State of Michigan. Since the twenty-eight-day period in which to accept or reject the mediation valuation ended on July 4, 1985, a holiday, the last day to file an acceptance or rejection became July 5, 1985. Defendants all filed letters of acceptance. Because plaintiffs' rejection of the mediation evaluation was not received by the mediation clerk until July 9, 1985, the clerk notified counsel for all parties that defendants had accepted the mediation evaluation and that plaintiffs were deemed to have accepted the mediation evaluation by reason of their failure to file a rejection in a timely fashion. Plaintiffs filed a motion for relief from the mediation awards, claiming that plaintiffs' attorney had prepared a letter of rejection on July 1, 1985, but that for unknown reasons the letter was not sent until July 5, 1985, causing it to be received by the mediation clerk on July 9, 1985. Defendants moved for entry of judgments upon the

REFERENCES

Am Jur 2d, Judgments §§ 671 et seq..

See the annotations in the Index to Annotations under Judgments.

awards. The trial court, Henry T. Conlin, J., denied plaintiffs' motion, holding that failure to maintain strict adherence to the time restraints would open the door to excuses based on assertions of good faith, and entered judgments on the awards. Plaintiffs appealed.

The Court of Appeals *held:*

The motion to set aside the acceptance of the mediation evaluation was addressed to the trial court's discretion. While a close question, the trial court's refusal to grant the motion was an abuse of discretion in that the court rules clearly indicate that relief may be granted for excusable neglect, while the trial court appeared to imply that no motion to set aside a judgment entered on a mediation award would be entertained because lack of finality would result in the opening of the door to all manner of excuses.

Reversed and remanded.

1. TRIAL — MEDIATION — ACCEPTANCE — RELIEF FROM JUDGMENT.

A trial court has the discretion to set aside a party's acceptance of a mediation evaluation prior to entry of a judgment upon the award; the judgment on the acceptance should be set aside only if failure to do so would result in substantial injustice (MCR 2.612[C][1]).

2. TRIAL — MEDIATION — RELIEF FROM JUDGMENT — JUDICIAL DISCRETION.

It is an abuse of discretion for a trial court not to set aside a judgment entered on a mediation award where the acceptance of the mediation award was based upon the failure to reject the award in the time period required by the court rules but that failure to respond in a timely fashion was clearly a result of an unexplained failure of someone in the office of the party's attorney to mail the rejection in a timely manner (MCR 2.612[C][1]).

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Leonard B. Shulman*), for plaintiffs.

*Conlin, Conlin, McKenney & Philbrick* (by *Allen J. Philbrick*), for Debra Ann Kranick.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Elizabeth L. Valentine,* Assistant Attorney General, for the State of Michigan.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a decision of the Washtenaw Circuit Court denying plaintiffs' motion to set aside the acceptance of a mediation award and the subsequent judgment.

This case arose out of the February 6, 1983, drowning of Robert Murphy, Jr., then seventeen years old, when a car in which he was a passenger broke through the ice on Mill Lake in the Waterloo Recreation Area. The driver of the car, Paul Hoffmeyer, had been "doing doughnuts" on the ice when the car began to break through the ice. Hoffmeyer and two other passengers were able to reach solid ice; the decedent Murphy did not and drowned. It was determined that all four had drunk at least one beer on that date and that all were under the legal drinking age.

Suit was filed against Hoffmeyer, Debra Ann Kranick, the passenger who had purchased the beer, and the Inverness Inn, the store that had sold Kranick the beer. The Inn was granted summary judgment. A separate suit was filed in the Court of Claims against the State of Michigan, which operates the Waterloo Recreation Area. The Court of Claims action was later consolidated for hearing with the other suit.

Mediation of all claims was held on June 6, 1985. The mediation panel awarded recovery for damages to plaintiffs in the amount of $20,000 against defendant Hoffmeyer and $7,500 against defendant Kranick. The panel determined that there was no cause of action against defendant State of Michigan. The mediation panel's findings were delivered to each attorney following the hearing.

* Circuit judge, sitting on the Court of Appeals by assignment.

Each party then had twenty-eight days from June 6, 1985, within which to file an acceptance or rejection of the mediation award under MCR 2.403(L)(1). The twenty-eighth day following mediation was July 4, 1985, a holiday. Under MCR 1.108, the last day for filing an acceptance or rejection of the mediation award became July 5, 1985. The defendants all filed letters of acceptance. Plaintiffs did not file a timely acceptance or rejection, but on July 9, 1985, plaintiffs' letter of rejection was received by the mediation clerk. The clerk notified counsel for all parties on July 11, 1985, that the mediation award had been accepted by all the defendants and was accepted by plaintiffs because of their failure to respond by July 5, 1985.

On July 26, 1985, plaintiffs filed a motion for relief from the mediation order. Defendants filed motions in opposition, requesting entry of a judgment under MCR 2.403(M). At the hearing on the motion, plaintiffs' counsel contended that he had had a conversation with plaintiffs the morning of July 1 and that the plaintiffs had decided to reject the mediation award. Following his conversation with plaintiffs, he dictated a letter of rejection. Plaintiffs' counsel's secretary typed the letter and it was signed by counsel on July 1, 1985. Plaintiffs' counsel then left for California on July 3 and did not return until July 9. In the interim, for reasons unknown to counsel, the letter of rejection was not mailed until July 5, 1985, the day the letters were due at the clerk's office. The letter was received by the mediation clerk on July 9, 1985, four days late.

On July 16, 1985, plaintiffs received a letter from the mediation clerk stating that the award had been accepted due to the failure to file a letter of rejection. Plaintiffs then asked to set aside the acceptance of the mediation award under MCR

2.612(C)(1)(a), which allows relief for mistake, inadvertence, surprise, or excusable neglect. The trial court denied plaintiffs' motion to set aside the acceptance of the mediation award and entered judgment for plaintiffs in the amount of $27,500.

The sole question before this Court is whether the trial court abused its discretion in denying plaintiffs' request for relief from a mediation award deemed accepted through plaintiffs' failure to file a timely rejection. MCR 2.403(L)(1) provides as follows:

> Each party *must* file a written acceptance or rejection of the panel's evaluation with the mediation clerk within 28 days after service of the panel's evaluation. The failure to file a written acceptance or rejection within 28 days constitutes acceptance. [Emphasis supplied.]

MCR 2.403(M)(1) states:

> If all the parties accept a panel's evaluation, judgment *will* be entered in that amount, which includes all fees, costs, and interest to the date of judgment. [Emphasis supplied.]

Plaintiffs filed a motion to set aside the award under MCR 2.612(C)(1) which provides:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) mistake, inadvertence, surprise, or excusable neglect.
>
> &ast; &ast; &ast;
>
> (f) any other reason justifying relief from the operation of the judgment.

It is well settled that a trial court has the

discretion to set aside a party's acceptance of a mediation evaluation prior to the entry of judgment upon the award. *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983). Although the determination is discretionary, the judgment on the acceptance should be set aside only if failure to do so would result in substantial injustice. *Hauser v Roma's of Michigan,* 156 Mich App 102; 401 NW2d 630 (1986); *Muntean v Detroit,* 143 Mich App 500, 511; 372 NW2d 348 (1985). It is the trial court's responsibility to " 'strike a balance between the goal of remedying injustice, on the one hand, and the desire to achieve finality in litigation, on the other hand'." *Id.,* 511, citing 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 181.

In the instant case, the trial court denied plaintiffs' motion to set aside the judgment on the grounds that MCR 2.403(L)(1) and 2.403(M)(1) call for finality in judgments:

> This Court has been very concerned in this area and I feel that the new Court Rule and the Court Rule which speaks in a definite manner to bring these matters to a close. If I were to grant the relief requested here, it would open the door in every case to a situation where somebody says they acted in good faith, and today it's five days and the next time it will be forty days as in the *Muntean* case, and we are right back where we started before we put the rule into effect and we haven't accomplished a darn thing.
>
> I am going to deny your motion. I am going to exercise my discretion. I believe that it is a situation in which it becomes the responsibility of each and every attorney who is seated in my courtroom here today to make sure that that does reach the clerk on time, and if it doesn't, then it is your responsibility and I am sorry to have to do it, but I am going to deny your motion. I think that the

exercise of my discretion should be in the way of finality and therefore, I am going to refuse to set aside the acceptance.

Although this is a close question, we find that the court abused its discretion in not granting plaintiffs' motion to set aside the judgment. Plaintiffs' counsel's staff filed affidavits that clearly show that plaintiffs themselves timely chose to reject the mediation award, that they informed their counsel of this, that a rejection letter was typed and prepared for mailing, but that for unknown reasons it was not timely mailed. Unlike the facts in *Hauser, supra,* plaintiffs' counsel here was fully aware of the ramifications of the new court rule deadline and worked to comply with it.

The trial judge's statement, quoted above, appears to imply that no motion to set aside a judgment entered under the new mediation court rule could be granted because of the need not to "open the door" to all manner of excuses. This Court is sympathetic to the tension between the language found in MCR 2.403(L)(1) and MCR 2.403(M)(1), which speak in definite terms, and the language of MCR 2.612(C)(1)(a), which includes relief for "excusable neglect." However, as stated in *Muntean, supra,* p 510, "[w]hile many acts of neglect are not 'excusable', some are, else that word would not appear in the rule." We believe that the trial court should have granted plaintiffs' motion to set aside the judgment here.

Reversed and remanded.