KRONE v BALSIS

Docket No. 85469. Submitted June 11, 1986, at Detroit. Decided April 10, 1987. Reversed on leave to appeal, 429 Mich 874.

Gary Krone, a minor, was injured when he was struck, while riding his bicycle, by a truck driven by Albert Balsis and owned by Ryder Truck Rental, Inc. Josephine Krone, individually and as next friend of Gary Krone, brought an action for damages in Wayne Circuit Court against Balsis and Ryder. The case was submitted to mediation. The mediation panel found in favor of plaintiff and entered an evaluation of $50,000. The Wayne Circuit Court Rules provided that, if a rejection of a mediation evaluation was not filed within forty days of the entry of the panel's entry of the evaluation, the evaluation was deemed to be accepted. Defendants accepted the evaluation. Plaintiff claimed that her rejection of the evaluation was filed with the mediation tribunal on September 4, 1984, the last day of the forty-day period; however, because the time stamp on the rejection indicated receipt on September 11, 1984, the mediation panel found that the rejection was not timely and that the evaluation was deemed accepted by operation of law. Plaintiff moved in circuit court to set aside the mediation award, with her motion being accompanied by an affidavit of the secretary for her attorney to the effect that the rejection had been filed on September 4, 1984. The court, Michael J. Talbot, J., following a hearing, indicated that he was unconvinced that the rejection was timely filed and denied the motion. Plaintiff moved for a rehearing. Following another hearing, the court reversed its prior decision and granted plaintiff's motion to set aside the mediation award. Defendants appealed on leave

REFERENCES

Am Jur 2d, Judgments §§ 671 et seq.

Effect of filing of notice of appeal on motion to vacate judgment under Rule 60(b) of Federal Rules of Civil Procedure. 62 ALR Fed 165.

Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

Right of successful party to have judgment in his favor set aside on grounds of mistake, inadvertence, excusable neglect, or the like. 40 ALR2d 1127.

granted. The Court of Appeals remanded for a "more complete explanation" of the reasons for the trial court's decision to grant the motion. Unpublished opinion per curiam of the Court of Appeals, decided September 10, 1986 (Docket No. 85469).

The Court of Appeals, after remand, *held:*

The record and findings of the trial court establish, at best, a lack of due diligence which cannot be equated with the mistake or excusable neglect which is required under the court rules to set aside a judgment. There is a complete lack of any extraordinary circumstances or a resulting substantial injustice which would support the trial court's decision to set the mediation award aside.

Reversed and remanded for entry of judgment.

CYNAR, J., dissented. He would hold that the trial court did not abuse its discretion in granting the requested relief on the basis of excusable neglect. He would affirm.

JUDGMENTS — RELIEF FROM JUDGMENT — MISTAKE OR EXCUSABLE NEGLECT — MEDIATION AWARDS.

Lack of due diligence may not be equated with the mistake or excusable neglect required under the court rule for setting aside a judgment; the setting aside of judgments should be limited to extraordinary circumstances where the failure to set aside the court's final determination will result in substantial injustice; *accordingly, mere neglect by an attorney to file timely a rejection of a mediation award does not justify the setting aside of the "deemed acceptance" of the mediation award* (MCR 2.612[C]; WCCR 403.7[e], 403.15[a]).

*Rader & Eisenberg* (by *Ronald R. Rader*), and *David J. Franks,* of Counsel, for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for defendants.

Before: DANHOF, C.J., and CYNAR and J. M. BATZER,* JJ.

PER CURIAM. Defendants appeal by leave granted from a May 17, 1985, order of the Wayne

* Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court which set aside a "deemed accep-
tance" of a mediation award.

Gary Krone, a minor, was struck by a vehicle
while riding his bicycle on June 29, 1981, and
suffered closed head injuries. Albert Balsis was
driving the truck which struck Gary. The truck
was rented from Ryder Truck Rental. Suit was
filed on April 21, 1982, by Joseph Krone, individu-
ally and as next friend of Gary Krone, against
both Balsis and Ryder. The case was submitted to
mediation on July 23, 1984. The mediation panel
found in favor of plaintiff and entered an evalua-
tion of $50,000. Notice of acceptance or rejection
was to have been filed with the mediation tribunal
clerk by September 4, 1984. If notice was not filed
within that time period, the mediation evaluation
was deemed accepted. WCCR 403.7(e), 403.15(a).
Defendants accepted the evaluation on August 31,
1984. Plaintiff claims that she filed a rejection on
September 4, 1984. However, the time stamp af-
fixed by the mediation tribunal clerk on the notice
of rejection indicates that the document was not
received until September 11. Because the media-
tion panel found that the rejection was not timely
filed, the evaluation was deemed accepted by oper-
ation of law.

On October 10, 1984, plaintiff filed a motion in
Wayne Circuit Court to set aside the mediation
award. Plaintiff argued that the rejection had been
timely filed on September 4, 1984. Attached to the
motion was an affidavit signed by the secretary for
plaintiff's attorney, averring that she had filed the
rejection on September 4, 1984, and that when she
subsequently contacted the mediation panel she
was informed that the rejection had not been
recorded due to a backlog of work. A hearing was
conducted on plaintiff's motion on November 2,
1984. At that time, the circuit judge indicated that

he was unconvinced that the rejection had been timely filed and erroneously time-stamped. He also stated that he felt plaintiff's attorney was being less than candid. Upon these grounds, the trial court denied the motion.

On November 27, 1984, plaintiff moved for rehearing. The rehearing motion was heard on May 17, 1985. At that hearing, the circuit judge reversed his earlier decision and granted plaintiff's motion to set the mediation award aside. Thereupon, defendants sought leave to appeal to this Court, which we granted.

When we initially reviewed the trial court's decision to set aside the "deemed acceptance," the reasons for its decision were unclear even after our review of the transcript of the May 17, 1985, hearing. We were uncertain whether the court became convinced that plaintiff had in fact made a timely denial or whether the court simply felt it was unjust to deny plaintiff a "day in court." However, in our initial opinion, we did not specifically request a factual finding as to which of these two alternate grounds was correct. We simply remanded for a "more complete explanation."

We have now received the transcript of the trial court's statements on remand. The circuit court's reasons for setting aside the mediation award are still not entirely clear. First, the judge characterized the secretary's affidavit as saying: "I made a mistake." However, the secretary's affidavit cannot be interpreted in such a manner. In her affidavit, the secretary had averred that she filed the rejection in a timely manner, not that she had made a mistake. Having mischaracterized the affidavit of the secretary, the trial judge stated at one point: "I can't go behind the signed affidavit of the secretary."

However, the trial judge also stated that he was

"not sympathetic" to the "obvious inadvertence
. . . of the secretary so much as I was to the fact
that in point of fact the plaintiff was stuck . . . ."
The judge also stated: "I was trying to not hold or
penalize the plaintiff for what might have been
inadvertence in terms of plaintiff's [sic; plaintiff's
attorney's?] office." Finally, the judge summarized
his explanation as follows:

> I do find your [the plaintiff's] intent was to
> reject, and whether it was through negligence or
> inadvertence, I find that certainly was your intent
> to reject. But I also found—*and I must say I found
> of course you didn't timely reject,* and therefore, if
> the rule is to be given its literal interpretation,
> you're out. You're bound by it. If it's to be given
> some sort of a liberal interpretation, as sometimes
> they will allow it should, we know it's discretional
> on the part of the trial judge, and each trial judge
> should be allowed to exercise his discretion in the
> sense of what's in the best interest of a given
> plaintiff. Not law firm, but the plaintiff. [Emphasis
> added.]

Thus it appears the trial judge found that the
rejection was not timely filed and that the office of
plaintiff's attorney had inadvertently filed the re-
jection past the deadline. Upon these facts, we
address the remaining issue in defendants' appeal.

We find the trial judge abused his discretion in
setting aside the mediation award.

After a judgment has been entered pursuant to
the acceptance of a mediation award, relief is
available as with any other judgment under MCR
2.612(C), formerly GCR 1963, 528.3, and a trial
court's decision to grant or deny relief will be
reviewed only for an abuse of discretion. *Young v
Everlock Taylor Corp,* 137 Mich App 799; 359
NW2d 213 (1984), lv den 422 Mich 930 (1985);

*Muntean v Detroit,* 143 Mich App 500; 372 NW2d 348 (1985). In exercising its discretion, the court must strike a balance between remedying injustice on the one hand and the desire to achieve finality in litigation on the other hand. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 181.

However, lack of due diligence may not be equated with the mistake or excusable neglect required under the rule for setting aside a judgment. *Lark v The Detroit Edison Co,* 99 Mich App 280, 283-284; 297 NW2d 653 (1980), lv den 410 Mich 906 (1981). Rather, the setting aside of judgments should be limited to extraordinary circumstances where the failure to set aside the court's final determination will result in substantial injustice. *Id.*

The instant case involves the mere neglect of an attorney to timely file a mediation rejection. Such neglect ought not routinely be excused without some explanation of the cause or circumstances surrounding the neglect. If a circuit court had discretion to accept such bare assertions as "excusable neglect," then the court, in effect, would be empowered to change the explicit time period set forth in the court rules.

Nor is such a result unjust. Generally, the neglect of an attorney is attributable to his client. *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957). Moreover, if the actions of plaintiff's attorney have caused plaintiff to suffer loss, the possibility of an action against the attorney exists.

Reversed and remanded for entry of judgment.

CYNAR, J. *(dissenting).* I must respectfully dissent. The trial court has broad discretionary power. Our court rules allow relief from a final

order on grounds applicable here: "mistake, inadvertence, surprise and excusable neglect," and "any other reason justifying relief," GCR 1963, 528.3. This rule has been carried over into the new rules, MCR 2.615(C)(1)(a) and (f).

Whether the plaintiff's act was excusable was for the circuit court to decide. *Muntean v Detroit,* 143 Mich App 500; 372 NW2d 348 (1985). The trial court acted within its discretion in granting the relief requested. I would affirm.