SMALL v ZEFF

Docket No. 84029. Submitted May 13, 1986, at Detroit. Decided
    October 7, 1986.

Stuart E. Small brought an action in the Wayne Circuit Court
    against A. Robert Zeff for an accounting of income from a
    partnership. The Wayne County Meditation Tribunal rendered
    a $7,500 award for plaintiff. Defendant filed a timely rejection
    and plaintiff, by failing to formally reject or accept, was
    deemed to have accepted the mediation award. Since the evalu-
    ation was less than $10,000, the case was remanded to district
    court. Defendant later moved the district court to dismiss for
    failure to make discovery or to allow defendant to revoke his
    prior rejection of the mediation award and enter a judgment in
    the amount of the mediation award. The district court entered
    a judgment for plaintiff for $7,500 plus costs from the date of
    defendant's rejection. Plaintiff appealed and the Wayne Circuit
    Court, Claudia House Morcom, J., reversed, holding that the
    district court abused its discretion in allowing defendant to
    revoke his rejection of the mediation award. Defendant ap-
    pealed.

The Court of Appeals *held:*

Principles of finality require that defendant's original rejec-
    tion of the mediation award be binding on him. Defendant did
    not make a strong showing of good cause for allowing him to do
    what he sought to do.

Affirmed.

TRIAL — MEDIATION — REVOCATION OF REJECTION OF MEDIATION
    AWARD.

A party to a lawsuit who has rejected a mediation award should
    not be permitted to unilaterally revoke his rejection and force
    the entry of judgment over the objection of other parties in the
    absence of a strong showing of good cause.

*Balfour Peisner,* for plaintiff.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 124 *et seq.,* 146 *et seq.*
See also the annotations in the Index to Annotations under Arbitra-
    tion and Award.

*Zeff & Zeff & Materna* (by *Donald M. Fulkerson*), for defendant.

Before: HOOD, P.J., and WAHLS and P. C. EL-LIOTT,* JJ.

PER CURIAM. Defendant appeals by leave granted from an adverse decision in the Wayne Circuit Court. The circuit court reversed a district court order permitting defendant to revoke his previous rejection of a Wayne County Mediation Tribunal award in the sum of $7,500 in favor of plaintiff. Our review persuades us that the decision of the circuit court was correct and that the case should be remanded to the district court for further proceedings.

The lawsuit concerns the division of income from a 1½-year law partnership between plaintiff and defendant Zeff which terminated in 1969. The 1978 suit sought an accounting. On May 7, 1981, a unanimous Wayne County Mediation Tribunal rendered a $7,500 award for plaintiff. Defendant filed a timely rejection and plaintiff, by failing to formally reject or accept, pursuant to former WCCR 403 accepted the mediation.[1] Since the evaluation was less than $10,000, the case was remanded to district court.

Both parties then proceeded in the district court in what the circuit court judge in her opinion aptly described as "a manner which has neither contributed to the progress of discovery nor resulted in a likelihood of settlement." On April 22, 1982, defendant moved for entry of judgment pur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff has since asserted in these proceedings that he did, in fact, file a timely rejection to the mediation evaluation which apparently was never recorded due to clerical error. Since plaintiff never raised this argument until defendant moved to set aside his prior rejection we agree with the circuit court judge that this assertion "is rather dubious."

suant to mediation or, in the alternative, a motion for dismissal for plaintiff's willful failure to make discovery. Defendant asked the district court to allow him to revoke his prior rejection and to enter a judgment in the amount of the mediation award in plaintiff's favor. Defendant's motion reiterated the discovery history of the action and alleged that plaintiff had made numerous attempts to delay and impede the progress of the case. In a decision dated November 21, 1983, the district court ordered judgment in the award amount plus costs from the date of defendant's initial mediation rejection.

Plaintiff then appealed to the circuit court urging that WCCR 403 did not provide a means by which defendant could revoke his prior rejection of the mediation award. The circuit court concluded that any relief from a mediation rejection or acceptance must be predicated upon GCR 528.3, now MCR 2.612(C), and that, since neither of the parties nor the district court invoked that rule, the trial court had abused its discretion in allowing defendant to revoke his mediation rejection. On appeal to this Court defendant asserts that the circuit court clearly erred since plaintiff had previously accepted the award and the district court's ruling did not detrimentally affect any rights of the plaintiff.

This is an issue of first impression. We have previously recognized that a trial court may exercise its discretion to allow a party to revoke a prior mediation acceptance. *Muntean v Detroit,* 143 Mich App 500; 372 NW2d 348 (1985); *Young v Everlock Taylor Corp,* 137 Mich App 799; 359 NW2d 213 (1984), lv den 422 Mich 930 (1985). However, no case has considered whether a party may obtain relief by revoking his prior rejection of a mediation award.

Defendant agrees with the circuit court that a strong showing under former GCR 528.3 is necessary in order to revoke a prior acceptance of a mediation award since such a revocation cuts directly against the overwhelming policy of the mediation rules "to expedite and simplify final settlement of cases." See *Cooper v Automotive Finishes, Inc,* 109 Mich App 530; 311 NW2d 414 (1981). However, defendant contends that neither the rule nor the rationale should apply to a situation where a party seeks to revoke a previous rejection of a mediation award and the opposing party is not prejudiced by the action. Defendant submits that plaintiff failed to make even a de minimus showing of prejudice by defendant's revocation of the rejection and that therefore the district court judge cannot be said to have abused his discretion.

Plaintiff maintained to the circuit court as well as to this Court at oral argument that he would be prejudiced by the relief sought by defendant. He asserted that subsequent to the mediation he had discovered convincing proof of defendant's liability, and that defendant had no chance of prevailing at trial. Plaintiff contends that defendant now wishes to accept the mediation award, well knowing that at trial he will be faced with a substantially larger verdict. The circuit judge found that, whether or not plaintiff's contention is true, defendant failed to show that substantial rights of the plaintiff would not be detrimentally affected if the mediation rejection is set aside.

We decline to decide in this case whether the court rule providing grounds for relief from judgments is applicable to a situation where a party seeks to revoke a prior rejection of a mediation award. Nonetheless we do agree with the circuit court judge that in this case the relief granted by the district court remedied no injustice. Rather we

conclude that principles of finality compel us to consider defendant's original rejection as binding upon him. WCCR 403.15(b), now MCR 2.403(N)(1), clearly provides that, if any party rejects the mediation panel's evaluation, the case proceeds to trial. We think that, in the absence of a much stronger showing of good cause than is offered by defendant here, to allow revocation of the defendant's original rejection would be to permit the mediation process to be used as a conclusive settlement device that lacks the requisite mutual voluntary acceptance of an award.

The effect of such a rule would be like allowing an offeree of a contract who has rejected the offeror's proposed terms to unilaterally revoke his rejection and then accept the original contract offer at any time, even a year later. Beyond considerations of fundamental fairness, it is entirely obvious that a significant change in both parties' circumstances may have occurred in the period following the defendant's initial rejection. It would be highly unjust to permit a party who initially files a rejection of a mediation award to control the disposition of the case based solely upon a unilateral change of mind. Defendant's professed desire to settle in order to assist in curtailing the crowded docket system remedies no injustice. Instead, it raises the spectre of injustice in coercing and enforcing such a judgment against the plaintiff.

Obviously, this is not to say that the parties are forever wedded to trying the case in order to finally resolve the dispute.[2] On the contrary, we

[2] We note however that, if the case does ultimately go to trial, the district court has jurisdiction to consider the allegations of discovery abuses in its determination of costs. MCR 2.313. Moreover, we also recognize the existence of MCR 2.405 concerning offers to stipulate to entry of judgment as a possible basis for reaching a settlement.

encourage them to make renewed efforts to reach a mutually agreeable resolution of this matter. We only conclude in this opinion that the time has long since passed for using the mediation award as the appropriate vehicle to conclude this matter.

For this reason, we agree with the circuit court that the district court abused its discretion in allowing defendant to revoke his prior rejection of the mediation award. The case is remanded to the district court for further proceedings.