CASTILLO v ALEXANDER

Docket No. 98185. Submitted December 8, 1987, at Lansing. Decided April 29, 1988.

Rose Castillo filed suit against James E. Alexander in Saginaw Circuit Court seeking damages for an alleged serious impairment of a body function arising from an automobile accident on September 24, 1983. The case was mediated pursuant to MCR 2.403 and the mediation panel, on June 5, 1986, awarded plaintiff the sum of $2,000. All parties accepted the mediation award. Several days after plaintiff's June 11, 1986, acceptance of the award, she notified her attorney that she had changed her mind and wished to reject the award. The attorney notified the court on June 20, 1986, that plaintiff wished to revoke her acceptance of the award. Defense counsel was first notified of plaintiff's desire to revoke her acceptance on November 24, 1986, when plaintiff filed a motion to set the matter for trial. Defendants filed a motion for entry of judgment and satisfaction of judgment. The court, Fred J. Borchard, J., ruled that plaintiff's initial acceptance of the award was binding. Plaintiff appealed.

The Court of Appeals held:

Although the mediation clerk violated the applicable court rule by notifying the parties of their unanimous acceptance of the mediation award before expiration of the twenty-eight-day response period, the notification, if error, is harmless because it did not affect the parties' decision to either accept or reject the mediation award. The response period is designed to provide the parties with sufficient time to consider the award and notify the mediation clerk of their acceptance or rejection of the award, not to provide the parties with a period of time during which they can request that the mediation clerk disregard their initial election and change it to the alternative. A party is not entitled to alter its decision once it has notified the

REFERENCES

Am Jur 2d, New Topic Service, Alternate Dispute Resolution §§ 10, 24.

See the Index to Annotations under Alternative Dispute Resolution; Arbitration and Award.

mediation clerk of its acceptance or rejection of a mediation award. The trial court did not err in granting defendant's motion for entry of judgment.

Affirmed.

TRIAL — MEDIATION — REVOCATION OF ACCEPTANCE OR REJECTION OF MEDIATION AWARD.

A party is not entitled to alter its decision once it has notified the mediation clerk of its acceptance or rejection of a mediation award.

*O'Farrell, Smith & Popielarz* (by *Rod O'Farrell*), for plaintiff.

*Otto & Otto* (by *James C. Howell*), for defendant James E. Alexander.

*Charles F. Filipiak,* for third-party defendant Mary Helen Barrera.

*Douglas I. Buck, II,* for third-party defendant Ralph Barrera.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a January 16, 1987, order granting defendant's motion for entry of judgment pursuant to a mediation award. We affirm.

Plaintiff filed a complaint alleging serious impairment of a body function arising from a multi-car collision on September 24, 1983. The case was mediated pursuant to MCR 2.403 and on June 5, 1986, the mediation panel awarded plaintiff the sum of $2,000. All parties accepted the mediation award, with plaintiff's acceptance occurring on June 11, 1986. Several days after accepting the award, plaintiff notified her attorney that she

---

* Circuit judge, sitting on the Court of Appeals by assignment.

changed her mind and wished to reject the award. On June 20, 1986, plaintiff's counsel hand delivered to the court administrator a letter indicating plaintiff's desire to revoke her acceptance. Plaintiff did not notify the defendants of her desire to revoke acceptance. On that same date, plaintiff's attorney received from the mediation clerk a notice dated June 18, 1986, which informed plaintiff's attorney that all parties accepted the award. Defense counsel prepared a stipulation and order for dismissal, and releases and settlement drafts were forwarded to plaintiff's counsel for execution pursuant to the mediation acceptance.

On November 17, 1986, the court administrator sent a letter to all parties involved because the necessary documents for closing the court file had not yet been received. Defense counsel's first indication that plaintiff wished to set aside the mediation occurred on November 24, 1986, when plaintiff filed a motion to set the matter for trial. On that same date, defendants filed a motion for entry of judgment and satisfaction of judgment. The trial court held that plaintiff's initial acceptance of the mediation award was binding and this appeal followed.

The sole and narrow issue on this appeal is whether a party, after accepting the award of mediation, has a right to rescind its acceptance by filing a rejection if done within twenty-eight days after service of the mediation panel's evaluation. We hold that rescission of the acceptance in such a case is not a matter of right.

This Court in *Coolman v D B Snider, Inc,* 129 Mich App 233; 341 NW2d 484 (1983), held that a trial court had the discretion to set aside a party's acceptance of a mediation award upon proper motion prior to the entry of a judgment on the award. See also *MGM Brakes Division of Indian*

*Head, Inc v Uni-Bond, Inc,* 417 Mich 905; 330 NW2d 853 (1983), dealing with the former Wayne County Court Rule 403.

MCR 2.403(L)(1) and (2) state:

> (1) Each party must file a written acceptance or rejection of the panel's evaluation with the mediation clerk within 28 days after service of the panel's evaluation. The failure to file a written acceptance or rejection within 28 days constitutes acceptance.
>
> (2) There may be no disclosure of a party's acceptance or rejection of the panel's evaluation until the expiration of the 28-day period, at which time the mediation clerk shall send a notice indicating each party's acceptance or rejection of the panel's evaluation.

Plaintiff contends that the mediation award should be set aside because the mediation clerk announced the parties' elections prior to the expiration of the twenty-eight-day period provided for response. MCR 2.403(L)(2). The purpose behind MCR 2.403(L)(2) is to guard against the potential of a party imposing sanctions set forth in the rule based solely on their knowledge of another party's acceptance or rejection. Although plaintiff correctly points out that the mediation clerk violated MCR 2.403(L)(2) by notifying the parties of their unanimous acceptance of the mediation award before expiration of the twenty-eight-day response period, this notification, if error, is harmless because it did not affect the parties' decision to either accept or reject the mediation award.

Plaintiff assumes that under MCR 2.403(L) parties are entitled to change their minds within the twenty-eight-day period, despite submission of an acceptance or rejection notice to the mediation

clerk. Defendant asserts, and this Court agrees, that the twenty-eight-day response period is designed to provide the parties with sufficient time to consider the award and notify the mediation clerk of their acceptance or rejection of the award. The rule was not intended to provide the parties with a period of time during which they can request that the mediation clerk disregard their initial election and change it to the other alternative. A party is not entitled to alter its decision once it has notified the mediation clerk of its acceptance or rejection of a mediation award. The principles of finality compel us to consider plaintiff's original acceptance as binding upon her. *Small v Zeff,* 155 Mich App 288, 291-292; 399 NW2d 63 (1986). The trial court did not err by granting defendant's motion for entry of judgment pursuant to mediation under MCR 2.403(L).

Affirmed.