HERRERA v LEVINE

Docket Nos. 100185, 102606. Submitted January 9, 1989, at Detroit. Decided April 4, 1989.

Raymon N. and Juanita Herrera filed a chiropractic malpractice case against Stanley B. Levine, doing business as Levine Clinic of Chiropractic, in Oakland Circuit Court on February 21, 1985. Defendant served interrogatories requesting the identity and opinions of plaintiffs' expert witnesses on April 26, 1985. In December, 1985, defendant prepared a motion to compel answers to the interrogatories. Plaintiffs stipulated to the order, which was entered. On February 7, 1986, both parties rejected a mediation award of $15,000 for plaintiffs. On June 11, 1986, defendant filed a motion to dismiss for failure of the plaintiffs to comply with discovery. Plaintiffs responded that they had not yet determined who would provide expert testimony for them. In August, 1986, the case was placed on standby for trial. A second stipulation and order to provide interrogatory answers by September 9, 1986, was entered. On September 25, 1986, defendant filed his fourth motion to dismiss for failure to comply with a discovery order. At the hearing on the motion, plaintiffs were ordered to disclose the identity and opinion of their witness by November 3, 1986. On November 10, 1986, defendant filed his fifth motion to dismiss. On November 20, 1986, plaintiffs filed an answer identifying Dr. C. J. Abraham as their expert and his purported opinion. On January 15, 1987, defendant filed his sixth motion to dismiss. The court declined to dismiss the action, but ordered plaintiffs to produce Dr. Abraham's report on or before February 11, 1987. On February 5, 1987, plaintiffs produced a report by a Dr. Palmer and not Dr. Abraham. The case was again placed on standby for trial. On February 17, 1987, plaintiffs identified a Dr. Stopek as their expert witness. Defendant again moved to

REFERENCES

Am Jur 2d, Continuance §§ 3, 6, 23; Costs §§ 5, 53-60, 65; Expert and Opinion Evidence §§ 10-13; New Topic Service, Mediation §§ 1 et seq.

Power of court which appoints or employs expert witnesses to tax their fees as costs. 39 ALR2d 1376.

dismiss. The court declined to dismiss, but limited plaintiffs to use only Dr. Abraham as their expert at trial. On March 13, 1987, plaintiffs contended that they just learned that Dr. Abraham was not a chiropractor, M.D., or D.O., but that he was a Ph.D. and an engineer. On March 23, 1987, the case was called for trial and dismissed upon plaintiffs' inability to proceed, Richard D. Kuhn, J. Plaintiffs filed separate appeals from the dismissal and from a subsequent order granting costs and attorney fees to defendant. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion by not allowing plaintiffs to present undisclosed expert witnesses at trial and in ordering a dismissal with prejudice.

2. The trial court's award of $1,500 in costs was proper even if the trial court had considered only the expenditure for expert witnesses.

3. The costs for deposition transcript fees and the procurement of copies of plaintiffs' medical records are not taxable, since the case was dismissed before those items could be used or read in evidence at trial.

4. The court did not err in awarding defendant attorney fees in the amount of $5,000 pursuant to MCR 2.403(O) even though there was no trial and no verdict was reached. The commencement of trial, not the rendering of a verdict, is the necessary prerequisite for mediation sanctions.

Affirmed.

1. TRIAL — UNDISCLOSED EXPERT WITNESSES — ADJOURNMENT.

Decisions whether to allow an undisclosed expert to testify and whether to grant an adjournment are within the discretion of the trial court.

2. COSTS — COURTS.

The power to tax costs is wholly statutory; costs are not recoverable where there is no statutory authority for awarding them.

3. COSTS — EXPERT WITNESS FEES — PREPARATION FEES.

A trial court is empowered, in its discretion, to authorize expert witness fees, including preparation fees (MCL 600.2164; MSA 27A.2164).

4. COSTS — DEPOSITION TRANSCRIPT FEES — COPIES OF DOCUMENTS.

Costs for deposition transcript fees and the cost of procurement of copies of medical records are not taxable costs where a case is dismissed before these items can be used or read in evidence at trial (MCL 600.2549; MSA 27A.2549).

5. Trial — Mediation — Sanctions — Court Rules.

    Mediation sanctions may be awarded against a party who rejects the mediation valuation once trial commences if that party fails to improve his position by ten percent; for the purposes of the court rule, the verdict may be a judgment entered as a result of a ruling on a motion filed after mediation (MCR 2.403[O]).

*Poe & Stanesa* (by *Jeffrey M. Poe*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for defendant.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. On the first day of trial, March 23, 1987, the trial court dismissed with prejudice plaintiffs' chiropractic malpractice case against defendant due to plaintiffs' inability to proceed with trial. Plaintiffs appeal as of right from the dismissal and a subsequent order granting costs and attorney fees.

A brief history of the events relating to this appeal is as follows:

| | |
|---|---|
| February 21, 1985 | Suit filed. |
| April 26, 1985 | Interrogatories served requesting identity and opinions of plaintiffs' expert witnesses. |
| December 10, 1985 | Defendant prepared a motion to compel answers within twenty-eight days of service. Plaintiffs stipulated to order. |
| January 15, 1986 | Stipulation and order entered for plaintiffs to answer interrogatories. |
| February 7, 1986 | Mediation award of $15,000 for plaintiffs (rejected by both parties). |

| | |
|---|---|
| June 11, 1986 | Defendant filed motion to dismiss for failure to comply with discovery. |
| July 1, 1986 | Plaintiffs advised that they had not yet determined who would provide the expert testimony. |
| July 31, 1986 | Defendant filed third motion concerning interrogatories. |
| August 26, 1986 | Case on standby for trial. Second stipulation and order to provide interrogatory answers by September 9, 1986. |
| September 25, 1986 | Fourth motion filed to dismiss for failure to comply with discovery order. |
| October 7, 1986 | Plaintiffs indicated unidentified expert would formalize opinion as soon as he had examined x-rays taken by defendant. |
| October 13, 1986 | Case was on standby for trial beginning November 17, 1986. |
| October 15, 1986 | Hearing on fourth motion to dismiss. Plaintiffs ordered to disclose identity and opinion of witness by November 3, 1986. If plaintiffs failed to comply by November 1, 1986, further request to dismiss would be considered. |
| October 30, 1986 | Order of October 25, 1986, ruling entered without objection. |
| November 10, 1986 | Fifth motion to dismiss was filed. |
| November 18, 1986 | Plaintiffs' counsel first contacted Dr. Abraham. |

| | |
|---|---|
| November 20, 1986 | Plaintiffs filed answer identifying C. J. Abraham as their expert and his purported opinion. |
| December 1, 1986 | Plaintiffs claimed that they received an opinion from Dr. Abraham. |
| December 22, 1986 | Plaintiffs first request of Dr. Abraham the name of specialist who would be able to testify at trial. |
| January 15, 1987 | Sixth motion for dismissal filed for failure to provide sufficient answers. |
| January 28, 1987 | Trial court declined to dismiss but ordered report of Dr. Abraham to be produced on or before February 11, 1987. |
| February 5, 1987 | Plaintiffs produced an expert report by Dr. Palmer and not Dr. Abraham. |
| February 9, 1987 | Case on standby for trial. |
| February 17, 1987 | Supplemental answers to interrogatories identified Dr. Stopek as plaintiffs' expert. |
| February 23, 1987 | Plaintiffs noticed de bene esse deposition of Dr. Stopek on March 11, 1987, for use at trial. |
| March 2, 1987 | Seventh motion to dismiss filed. |
| March 11, 1987 | Trial court declined to dismiss but limited plaintiffs to use only Dr. Abraham as their expert witness at trial. |
| March 13, 1987 | Emergency motion for rehearing setting March 25, 1987, for the hearing. Plaintiffs contended that they had just learned that Dr. Abraham was not a chiropractor, M.D., or D.O., but that he was a Ph.D. and an engineer. |

March 23, 1987                Case called for trial. Dis-
                             missal upon plaintiffs' ina-
                             bility to proceed.

First, plaintiffs contend that the trial court abused its discretion by denying plaintiffs' request to present testimony of an unlisted witness and later dismissing the lawsuit.

On March 11, 1987, the trial court, while declining to dismiss the action, ruled that plaintiffs would be limited to using Dr. Abraham as their only expert witness at trial. The trial court stated

> that the cut-off for experts to be identified and given to the Defendants was November 3rd, 1986 in an Order signed by this Court on October 3rd, 1986 and the Court wanted to review the file, and the Court is satisfied that a Dr. Abraham was listed by the Plaintiffs and that expert be allowed to testify on behalf of the Plaintiff and no other experts.
>
> And, the record should indicate that this case has been on standby for trial since May of '86. We are now in March 11th, '87, the case should go to trial within the next week or possibly this week or next week, and the case is over two years old at this juncture.

This case was called for trial on March 23, 1987. At that time, plaintiffs' counsel conceded that plaintiffs were not prepared to go to trial. An order of dismissal was entered with prejudice, with costs and attorney fees awarded to defendant.

Decisions whether to allow an undisclosed expert to testify and whether to grant an adjournment are within the discretion of the trial court. *Pastrick v General Telephone Co of Michigan,* 162 Mich App 243, 245; 412 NW2d 279 (1987); *Cummings v Detroit,* 151 Mich App 347, 351; 390 NW2d 666 (1986), lv den 426 Mich 851 (1986). A

review of the history of events in this case from the date of the filing of the complaint to the date of dismissal clearly supports our determination that the trial court did not abuse its discretion by not allowing plaintiffs to present undisclosed expert witnesses at trial and in ordering a dismissal with prejudice.

Secondly, plaintiffs argue that the trial court abused its discretion by awarding costs in the amount of $1,500. Plaintiffs contend that the trial court erred since the complaint was dismissed prior to trial, no testimony was taken from defendant's experts at trial or otherwise, no depositions were used in any proceeding, and no statutory basis existed for awarding the costs of obtaining a party's medical records.

Defendant requested the trial court to tax the following as costs:

| | |
|---|---:|
| (1) Proceedings before trial (pursuant to MCL 600.2441[2][a]; MSA 27A.2441[2][a]) ..................... | $    20.00 |
| (2) Motion fees (pursuant to MCL 600.2529; MSA 27A.2529 [eight motions at $10.00 each]) ............... | 80.00 |
| (3) Expert witness fees (pursuant to MCL 600.2164; MSA 27A.2164 and *Fireman's Fund v General Electric,* 74 Mich App 318 [1977]) (three witnesses) | 2,990.50 |
| (4) Deposition transcript fees (Dr. Levine) | 74.40 |
| (5) Procurement of plaintiff's medical record copies ......................... | 440.74 |
| TOTAL COSTS.... | $3,605.64 |

The affidavit in support of defendant's taxed bill of costs and attorney fees stated that the disbursements were correct and actually incurred for services performed in this action.

Plaintiffs had no objection to the $20 fee before

trial. The objection to the $80 in motion fees is moot since defendant has withdrawn this request. The only reason for plaintiffs' objection to the expert witness fees was that the listed witnesses never gave testimony in this case. The plaintiffs' only objection to the deposition transcript fee requested was that such costs are only allowed if the deposition was received into evidence. Plaintiffs' only objection to the costs of obtaining medical records was a lack of statutory authority for the request. At the hearing on the motion for taxation of costs, no additional reasons were argued by plaintiffs' counsel in opposition to the costs. After hearing arguments, the trial court entered an opinion and order awarding costs in the amount of $1,500.

The power to tax costs is wholly statutory; costs are not recoverable where there is no statutory authority for awarding them. *Brown v Dep't of State Highways,* 126 Mich App 392, 396; 337 NW2d 76 (1983). Defendant relies on MCL 600.2164(1); MSA 27A.2164(1) to support taxation of witness fees in this case. That section provides in pertinent part:

> No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom [sic] such witness *is to appear,* or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. [Emphasis added.]

The language "is to appear" in § 2164 applies to the situation at bar in which the case was dismissed before defendant had a chance to call its proposed expert witnesses at trial. Furthermore, the trial court was empowered in its discretion to authorize expert witness fees which included prep-

aration fees. *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318, 329; 253 NW2d 748 (1977).

The trial court's award of $1,500 in costs was approximately half of the amount requested by defendant as costs for the preparation fees of his expert witnesses, notwithstanding that neither the fact nor the amount of those expenses was challenged by plaintiffs. We find that the award of $1,500 in costs was proper even if the trial court had considered only the expenditure for expert witnesses.

In support of taxation of costs for deposition transcript fees and the cost of procurement of copies of plaintiffs' medical records, defendant relies on MCL 600.2549; MSA 27A.2549. However, the items in question are not taxable, as the case was dismissed before said items could be "used" or "read in evidence" at trial.

Lastly, we consider whether the trial court erred in awarding defendant attorney fees in the amount of $5,000 pursuant to MCR 2.403(0) even though there was no trial and no verdict was reached.

Defendant requested attorney fees from February 7, 1986, the date of mediation, pursuant to MCL 600.2405; MSA 27A.2405 and MCR 2.403. The request was in the amount of $7,008 and it was based on a conservative compilation of ninety-six attorney hours at the hourly rate of $73 per hour.

MCR 2.403(0)(1) provides:

> If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing

party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

The express language of the rule itself sets forth only two conditions to trigger sanctions: (1) the party to be sanctioned rejected the mediation evaluation; and (2) "the action proceeds to trial." The additional language that a "party must pay the opposing party's costs unless the verdict is more favorable to the rejecting party" should be interpreted in such a manner that it is the rejecting party that must obtain a verdict more favorable to avoid sanctions.

Recently, in *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16; 428 NW2d 13 (1988), the appellants read MCR 2.403(0) as requiring a verdict as a prerequisite to an award of mediation sanctions. This Court disagreed, stating in part:

The commencement of trial is the necessary prerequisite for mediation sanctions under MCR 2.403, not the rendering of a verdict. See *OD Silverstein, MD, PC v Services, Inc,* 165 Mich App 355, 360; 418 NW2d 461 (1987). [*Wayne-Oakland Bank,* p 21.]

We note that the current version of MCR 2.403(0)(2)(c), now expressly provides a definition of "verdict" which, had it been effective at the time mediation sanctions were awarded by the trial court here and in *Wayne-Oakland Bank,* would have rendered this issue moot. This definition, which became effective on December 1, 1987, states:

For the purpose of this rule "verdict" includes

. . . a judgment entered as a result of a ruling on a motion filed after mediation.

In this case, the trial court's award of $5,000 in attorney fees was proper since the appropriate interpretation of the then existing version of the rule did not require the rendering of a "verdict," but only that the action proceed to trial.

Affirmed.