STEWARD v POOLE

Docket No. 129711. Submitted March 18, 1992, at Lansing. Decided September 9, 1992, at 9:05 A.M. Leave to appeal sought.

Mark and Sally Steward brought an action in the Washtenaw Circuit Court against Andrew Poole, seeking damages for gunshot wounds the defendant inflicted upon Mark Steward. Pursuant to the defendant's request, mediation was adjourned and rescheduled for a date that was less than twenty-eight days before trial. After the mediation panel rendered an evaluation in favor of the plaintiffs, they moved to require that the evaluation be accepted or rejected within ten days. At the hearing, the court, William F. Ager, J., ruled that it would not adjourn the trial date, and the parties stipulated the entry of an order requiring acceptance or rejection of the evaluation on the following day. The parties complied with that order, with the plaintiffs accepting the award and the defendant rejecting it. A jury subsequently rendered a verdict for the plaintiffs that was more favorable than the mediation award. The plaintiffs moved for, but the court denied, mediation sanctions. The plaintiffs appealed.

The Court of Appeals *held:*

1. MCR 2.403(L) provides a twenty-eight-day period within which a mediation evaluation must be accepted or rejected. Although the trial court erred in shortening that period, its error was harmless in light of the parties' stipulation and because the shortened period did not affect the defendant's early and firm decision to reject the evaluation.

2. The trial court also erred in refusing to impose sanctions on the defendant. The plaintiffs were entitled to sanctions pursuant to MCR 2.403(O).

Reversed and remanded for an award of actual costs to the plaintiffs.

REFERENCES

Am Jur 2d, New Topic Service, Alternate Dispute Resolution § 24.

Validity and effect of local District Court rules providing for alternative dispute resolution procedures as pretrial settlement mechanisms. 86 ALR Fed 211.

PRETRIAL PROCEDURE — MEDIATION — SANCTIONS.
  A trial court may not shorten the twenty-eight-day period for acceptance or rejection of a mediation evaluation; however, the parties may stipulate a shorter period for acceptance or rejection, and a party that makes a timely rejection and for whom the verdict is less favorable than the evaluation may be held liable for sanctions (MCR 2.403).

*Kessler & Geer* (by *Martin A. Geer*), and *Julie K. Field,* for the plaintiffs.

*Brochert & Ward* (by *David S. Anderson*), for the defendant.

Before: SULLIVAN, P.J., and WEAVER and JANSEN, JJ.

PER CURIAM. Plaintiffs, Mark Steward and Sally Steward, appeal as of right from a May 30, 1990, order of the Washtenaw Circuit Court denying their motion for mediation sanctions pursuant to MCR 2.403(O). We reverse.

On appeal, plaintiffs contend that the trial court erred in denying their request for mediation sanctions when defendant, Andrew Poole, rejected the mediation award, the case proceeded to trial, and the jury returned a verdict in an amount that, ordinarily, would entitle them to mediation sanctions. We agree with plaintiffs.

A brief factual background is necessary to put the issue raised by plaintiffs into perspective. Mediation was originally scheduled in this case for September 28, 1989. At defendant's request, mediation was adjourned until November 30, 1989, which was eighteen days before the scheduled trial date of December 18, 1989. Following mediation on November 30, 1989, the panel issued a unanimous award of $29,500 in favor of plaintiffs.

Because trial was scheduled to commence within twenty-eight days of mediation, plaintiffs filed a

motion to require the parties to accept or reject the evaluation within ten days of trial. Defendant opposed plaintiffs' motion on the ground that the trial court lacked authority to modify the twenty-eight-day filing period for acceptance or rejection of a mediation evaluation pursuant to MCR 2.403.

At the December 7, 1989, hearing on plaintiffs' motion, the trial court informed counsel that the court would not adjourn the trial date of December 18, 1989, because the court's crowded docket would not allow the rescheduling of the trial for approximately seven months. The trial court suggested that counsel inform the court whether they would accept or reject the mediation evaluation award by the following day, December 8, 1989, so as to determine whether the December 18, 1989, trial would be necessary. Defense counsel objected to this, indicating that he was entitled to the full twenty-eight-day period to accept or reject the evaluation. Defense counsel stated that he did not "have a problem with advising my brother counsel of my clients decision with regard to whether they are going to accept or reject mediation so that he does not have to unnecessarily prepare for trial." Defense counsel indicated that he was objecting to the court's shortening of the twenty-eight-day period because the mediation sanctions may then become applicable.

The trial court entered a stipulated order requiring the parties to notify each other of their respective decisions with regard to the acceptance or rejection of the mediation evaluation by the following day, December 8, 1989. The court noted that it would take the issue of mediation sanctions under advisement, because the issue might ultimately prove to be "a moot question."

On December 6, 1989, plaintiffs accepted the mediation award, and on December 7, 1989, defen-

dant filed his rejection of the mediation evaluation with the mediation clerk. On December 8, 1989, counsel notified each other of their actions with respect to the mediation evaluation. Trial commenced on December 18, 1989, resulting in a verdict that was more favorable to plaintiffs than the mediation evaluation.

On February 7, 1990, plaintiffs filed a motion for mediation sanctions, and a hearing on the motion was held on March 29, 1990. On May 30, 1990, the trial court issued its opinion and order denying plaintiffs' motion for mediation sanctions, stating that it did not have the authority to shorten the twenty-eight-day period set by MCR 2.403 for acceptance or rejection of the mediation evaluation. Plaintiffs thereafter filed their appeal as of right.

Plaintiffs assert that the trial court had the authority to shorten the twenty-eight-day period for acceptance or rejection of the mediation award because the expiration of the twenty-eight-day period is irrelevant to the issue of acceptance or rejection of the award and should not frustrate the underlying purpose of the mediation rule, which is the promotion of settlement.

Interpretation of a court rule is subject to those principles governing statutory construction. *Taylor v Anesthesia Associates of Muskegon PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989); *Mehelas v WCCC,* 176 Mich App 809, 814; 440 NW2d 117 (1989); *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). Therefore, the court rule should be construed in accordance with the ordinary and approved usage of the language; it should also be construed in light of its purpose and the object to be accomplished by its operation. *Taylor,* p 386. The purpose of mediation sanctions is to impose the burden of litigation costs upon the party who insists upon trial by rejecting a pro-

posed mediation award. *Id.; Issa,* p 582; *Wayne Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 21; 428 NW2d 13 (1988).

MCR 2.403(L)(1) governs the period in which a party has to accept or reject a mediation evaluation. Pursuant to the rule, each party is required to file a written acceptance or rejection of the mediation award within twenty-eight days after service of the panel's evaluation on the party. The failure to file a written acceptance or rejection within twenty-eight days constitutes a rejection. MCR 2.403(L)(1). Additionally, MCR 2.403(L)(2) provides that there may be no disclosure of a party's acceptance or rejection of an award until the expiration of the twenty-eight-day period, at which time the mediation clerk shall send a notice indicating each party's acceptance or rejection of the award.

We note that while MCR 2.108(E) permits a court to *extend* the time for doing an act, no court rule grants a court the authority to shorten the period provided in MCR 2.403(L). The plain and ordinary language of MCR 2.403(L) provides a twenty-eight-day period for accepting or rejecting mediation awards, which is designed to allow parties sufficient time to consider the acceptance or rejection of the evaluation. *Castillo v Alexander,* 171 Mich App 679, 683; 430 NW2d 751 (1988).

A broad or liberal construction of MCR 2.403 is contrary to the general rule of construction that holds that statutes in derogation of the common law must be strictly construed. *Mehelas,* p 814. Therefore, the twenty-eight-day period is strictly required by MCR 2.403 and, as a consequence, the trial court had no authority to shorten that period. The trial court committed error by shortening the period in which the parties could accept or reject the panel's evaluation.

Although we hold that the trial court had no authority to shorten the period in which the parties could accept or reject the evaluation in this case, the parties stipulated a shorter response period than that provided by MCR 2.403. The order entered by the trial court provided that "[b]ased upon the stipulation of the parties in open court on December 7, 1989, the parties will advise each other on December 8, 1989 as to whether or not they will accept or reject mediation in order that the necessity for a trial will be known on said date." The order also provided that the issue of mediation sanctions would be taken under advisement. Despite the court's lack of authority to shorten the period, it could properly accept the parties' stipulation to shorten the period within which the evaluation could be accepted or rejected.

In any event, any error that may have resulted because of the shortened response period was harmless because it did not affect the parties' decision to accept or reject the mediation award. *Castillo,* p 682. Nothing on the record before us indicates that the shortening of the twenty-eight-day period affected defendant's decision to reject the mediation evaluation. In defendant's response to plaintiffs' motion to require acceptance or rejection within ten days of trial, defendant stated that the mediation sanctions would not encourage him to settle the case. Defendant filed his rejection of the mediation award on the same day that the court ordered the period shortened. It is apparent that defendant had made up his mind to reject the evaluation on the date he filed his response, December 7, 1989. Furthermore, defendant consistently rejected all offers to settle the case. Any error resulting from the shortened response time limit was, in this case, harmless.

We conclude that the trial court erred in denying plaintiffs' motion for mediation sanctions. Although the court did not have authority to do so, the parties did stipulate to shorten the time in which to accept or reject the evaluation. Defendant rejected the evaluation, and plaintiffs accepted it. Following trial, plaintiffs obtained a jury verdict that was more favorable to them than the mediation evaluation. Only two conditions must be satisfied to trigger sanctions under MCR 2.403(O): (1) the party to be sanctioned must have rejected the mediation evaluation, and (2) the action must have proceeded to trial. *Herrera v Levine*, 176 Mich App 350, 359; 439 NW2d 378 (1989). The party who rejects the evaluation must obtain a verdict that is more favorable than the mediation evaluation in order to avoid sanctions. *Id.*

In the present case, because defendant rejected the mediation evaluation and the case went to trial with a resulting verdict that was more favorable to plaintiffs than the mediation evaluation, defendant was liable to pay as a sanction plaintiffs' actual costs as provided in MCR 2.403(O)(6). We agree with plaintiffs that defendant "cannot have it both ways. He cannot have the mediation adjourned, reject the mediation evaluation, force the time and expense of trial, and also avoid the penalty for doing so."

Therefore, we reverse the trial court order denying plaintiffs' motion for mediation sanctions, and remand the case to the trial court for the entry of an order awarding plaintiffs actual costs incurred by them after the rejection of mediation, as provided in MCL 2403(O)(6). We do not retain jurisdiction.

Reversed and remanded.