ADAIR v CITY OF DETROIT

JOY MANAGEMENT COMPANY v CITY OF DETROIT

Docket Nos. 128362, 128843. Submitted October 21, 1992, at Detroit. Decided March 1, 1993, at 10:35 A.M.

Celia Adair brought an action in the Wayne Circuit Court on behalf of herself and others similarly situated against the City of Detroit to recover fire insurance proceeds that had been retained and placed in escrow by the city pursuant to statute but for which the city either had failed to file a timely declaratory action as required by statute or had failed to proceed with such an action after it had been filed.

Joy Management Company brought a similar action in the Wayne Circuit Court against the city.

The city filed a counterclaim in each of the actions, alleging that it was entitled to recover unpaid property taxes and demolition costs and requesting a declaration authorizing its use of the funds held in escrow and certification of its counterclaims as class actions. Following consolidation of the actions, the court, Michael L. Stacey, J., certified both the original actions and the counterclaims as class actions. Adair and Joy Management Company separately appealed the certifications by leave granted. The appeals were consolidated.

The Court of Appeals held:

1. A party to a class action may file counterclaims as in any other action, including a counterclaim by or against a class.

2. The court rules prohibit the maintaining of a class action that seeks to recover money from individual members of a defendant class; however, the rules do not preclude a counterclaim that seeks to recover money from individual members of a class of counterdefendants. Accordingly, even with respect to that portion of the counterclaim that sought to recover money, the city was entitled to proceed with its counterclaim as a class action against the plaintiffs as a class of counterdefendants.

3. Although the court rule prohibiting actions to recover

REFERENCES

Am Jur 2d, Parties §§ 44, 73.
See ALR Index under Class Actions; Parties.

money from individual members of a defendant class does not preclude the city from maintaining its counterclaims as class actions, the trial court failed to determine whether the city's counterclaims met the other requirements necessary to maintain a class action. The trial court on remand must determine whether the counterclaims may be maintained as class actions and, if not, whether the counterclaims may be asserted against the individual class members without making the plaintiffs' class actions unmanageable.

Reversed and remanded.

ACTIONS — CLASS ACTIONS — COUNTERCLAIMS — MONEY DAMAGES.

The provision in the court rules that prohibits the maintaining of a class action where the action seeks to recover money from individual members of a defendant class does not prohibit the maintaining of a class action arising out of a counterclaim that seeks to recover money from individual members of the class of counterdefendants (MCR 3.501[1]).

*Johnson, Johnson & Frost, P.C.* (by *Timothy J. Frost*), for Celia Adair.

*Irving M. Stahl,* for Joy Management Company.

*Donald Pailen,* Corporation Counsel and *Beverly J. Hayes* and *Peter Rhoades,* Assistant Corporation Counsel, for the defendant.

Before: REILLY, P.J., and MICHAEL J. KELLY, and CAVANAGH, JJ.

REILLY, P.J. In these consolidated cases, plaintiffs/counterdefendants, Celia Adair and Joy Management Company, appeal by leave granted from a circuit court order holding that the counterclaims of defendant, the City of Detroit, could be maintained as a class action. We reverse and remand for proceedings consistent with this opinion.

On December 12, 1989, Celia Adair filed a class action to recover fire insurance proceeds retained by the City of Detroit pursuant to MCL 500.2845; MSA 24.12845. Joy Management Company filed a

similar class action a short time later. Pursuant to
the statute at issue in these consolidated cases, a
city may receive and hold in escrow fifteen percent
of insurance proceeds payable to the insured
owner of property that is damaged by fire or
explosion.[1]   MCL   500.2845(1)   and   (2);   MSA
24.12845(1) and (2). The city has thirty days after
depositing the funds in escrow to apply in the
circuit court for declaratory relief in order to
establish its rights to the proceeds. "If the city . . .
fails to apply for declaratory relief within the 30-
day period, or if declaratory relief is denied, the
city . . . shall immediately return to the insured
the proceeds held in escrow." MCL 500.2845(2)(d);
MSA 24.12845(2)(d).

In their complaints, plaintiffs alleged that the
defendant city retained insurance proceeds in es-
crow without filing a declaratory action as re-
quired by the statute or, alternatively, that defen-
dant did file declaratory actions in compliance
with the statute, but allowed the actions to be
dismissed for lack of progress. Defendant subse-
quently filed "class action" counterclaims against
Adair and Joy Management. Defendant alleged
that it was entitled to unpaid property taxes on
the subject properties and that it was entitled to
recover demolition costs from the property owners
pursuant to statute and under a nuisance theory.
The city also requested the entry of a declaratory
judgment authorizing the transfer of the funds in
escrow to cover, in part, the cost of demolishing
the properties.

The circuit court entered an order certifying
both plaintiffs' actions and defendant's counter-
claims as class actions pursuant to MCR 3.501. We
note that Adair's motion for summary disposition

---

[1] The statute also applies to villages and townships.

was subsequently granted with respect to defendant's counterclaims for unpaid taxes and demolition costs pursuant to statute. The surviving counterclaims are the claim for declaratory judgment pursuant to MCL 500.2845; MSA 24.12845 and the nuisance counterclaim seeking actual demolition costs. Whether the order granting summary disposition was proper is not an issue before us.

Plaintiffs appeal the certification of defendant's counterclaims as a class action.[2] Plaintiffs argue that the circuit court improperly certified defendant's counterclaims as a class action because they are not equitable in nature and defendant seeks only to recover money from plaintiffs. In support of this argument, plaintiffs cite MCR 3.501(I), which provides that "[a]n action that seeks to recover money from individual members of a defendant class may not be maintained as a class action." We disagree with the assertion that MCR 3.501(I), precludes defendant from asserting its counterclaims against the class composed of plaintiffs/counterdefendants.

Initially, we recognize that defendant, in its remaining counterclaims, is seeking both equitable and monetary relief. In the declaratory action claim, defendant is seeking a judgment that it is entitled to retain the funds that it holds in escrow. Thus, defendant is not seeking to collect money from members of a class, but is seeking a determination that defendant, not plaintiffs, is entitled to the insurance proceeds held in escrow. Accordingly, the claim for declaratory relief would be unaffected by MCR 3.501(I). However, in the remaining claim based upon a nuisance abatement theory, defendant is seeking to recover actual

---

[2] Defendant filed a motion to amend its counterclaim. However, it does not appear from the record that the motion was decided by the trial court.

demolition costs with respect to the property of each plaintiff, which may exceed the amount held in escrow for each property. Therefore, that claim is for the recovery of money damages.[3]

Nevertheless, we conclude that MCR 3.501 permits the types of counterclaims asserted by defendant. A court rule should be construed in accordance with the ordinary and approved usage of the language and in light of its purpose. *Steward v Poole,* 196 Mich App 25, 28; 492 NW2d 475 (1992). MCR 3.501(H)(1) provides that "[a] party to a class action may file counterclaims as in any other action, including counterclaims by or against a class or an individual class member." MCR 3.501(H)(1) contains no limitation on the type of counterclaim or the type of recovery sought. Additionally, the committee comments to GCR 1963, 208.8, the predecessor of MCR 3.501(H)(1), indicate an intent to allow unrestricted filing of counterclaims by defendants in class actions.[4]

Moreover, we reject the argument that MCR 3.501(I) precludes a counterclaim for money damages. MCR 3.501(I) applies to the maintenance of actions against a "class of defendants." However, the plaintiffs in this case are not a "class of defendants," but a "class of counterdefendants." They are not the defendants in an original action. Rather, they are the plaintiffs who instituted class

[3] Although the nuisance abatement claim may be based upon the equitable principles of unjust enrichment and quasi contract, *Brandon Twp v Jerome Builders, Inc,* 80 Mich App 180, 182-183; 263 NW2d 326 (1977), defendant, nevertheless, seeks to recover money damages.

[4] The committee's proposal is to allow unrestricted filing of counterclaims by defendants in class actions, but to follow the approach of a number of more recent federal decisions which emphasize that the management tools available to the trial judge will almost always make it possible both to permit the action to proceed as a class action and also to allow the defendant to raise counterclaims that may reduce or eliminate its liability to at least some class members.

actions, and they are being subjected to the counterclaims of the defendant, as permitted by MCR 3.501(H)(1), in a class action.

Although we hold that MCR 3.501 permits the type of counterclaims filed in these cases, we conclude that the circuit court clearly erred in certifying defendant's counterclaims against the plaintiffs' class without determining whether the counterclaims met the requirements for a class action pursuant to MCR 3.501(A)(1). See *Mooahesh v Treasury Dep't,* 195 Mich App 551, 556; 492 NW2d 246 (1992).[5] Accordingly, we cannot determine whether the trial court properly certified defendant's counterclaims as a class action.[6] We remand for a determination whether defendant may assert its counterclaims as a class action pursuant to MCR 3.501(A). In view of this ruling, we do not address the issue whether the notice of pendency must contain language regarding defendant's counterclaims. Further, we note that in the event the trial court determines that the counterclaims do not meet the requirements for a class action, but may be asserted against individual class members, it has the discretion, pursuant to MCR 3.501(H)(5), to take such steps as are necessary to prevent the counterclaims from making the plaintiffs' class action unmanageable.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

[5] See the committee comments to GCR 1963, 208.8, where the committee noted that "[s]ection (A) would permit the filing of a counterclaim against a class or subclass, although the committee anticipates that it would be rare for such a counterclaim to itself meet the requirements for class certification."

[6] It also appears from the record before us that the trial court did not consider the requirements of MCR 3.501(A)(1) before certifying the plaintiff class in this case. However, defendant has not raised the issue of that ruling in this Court.