*In re* NEUBECK

Docket No. 194617. Submitted April 3, 1997, at Lansing. Decided May 20,
1997, at 9:00 A M.

The Oakland County Probate Court, Juvenile Division, authorized a
petition by the prosecuting attorney charging Joel A. Neubeck,
aged sixteen, with receiving or concealing stolen property in
excess of $100 and operating a vehicle while visibly impaired. The
court, Joan E. Young, J., granted the respondent's motion to have
his case placed on the court's consent calendar and accepted the
respondent's pleas of guilty of the offenses. The prosecutor
appealed, alleging error with regard to the court's disposition of the
Vehicle Code violation through the use of its consent calendar.

The Court of Appeals *held*:

1. There is no support for the prosecutor's assertion that the
transfer of the traffic violation proceedings to the consent calendar
conflicted with a court rule or statute.

2. MCR 5.932(B)(2) permits the probate court to dispose of traf-
fic violations by juveniles through the use of its consent calendar,
subject to the reporting requirements of MCL 712A.2b(d); MSA
27.3178(598.2b)(d) and MCL 257.732; MSA 9.2432.

3. The petitioner's arguments regarding the possible expunge-
ment of the record of the respondent's traffic offense adjudication
are not ripe for appellate review.

4. The order of disposition must be affirmed. However, because
it is not clear whether the probate court reported the respondent's
violation of the Vehicle Code to the Secretary of State in accor-
dance with MCR 5.932(B)(2), the matter must be remanded to the
probate court with directions that it make the report if it has not
already done so.

Affirmed and remanded.

COURTS — PROBATE COURTS — CONSENT CALENDAR — JUVENILES — VEHICLE
CODE VIOLATIONS — REPORTS TO SECRETARY OF STATE.

The probate court may dispose of traffic violations by juveniles
through the use of its consent calendar; if the court finds that the
juvenile has committed a violation of the Vehicle Code, the court
must forward a copy of the record of the juvenile proceedings to

the Secretary of State for recordation (MCR 5.932[B][2]; MCL 257.732, 712A.2b[d]; MSA 9.2432, 27.3178[598.2b][d]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Richard H. Browne*, Assistant Prosecuting Attorney, for the petitioner.

*Gaylen Curtis*, for the respondent.

Before: Saad, P.J., and Neff and Jansen, JJ.

Jansen, J. In this juvenile proceeding, petitioner appeals as of right[1] from an order of disposition of the probate court that accepted respondent's guilty pleas to charges of receiving or concealing stolen property in excess of $100, MCL 750.535(1); MSA 28.803(1), and operating a motor vehicle while visibly impaired, MCL 257.625(3); MSA 9.2325(3). The probate court placed respondent under the probationary supervision of the probate court and the consent casework unit. We affirm, but remand for action consistent with this opinion.

On July 27, 1995, respondent, aged sixteen, was stopped by police officers when he was driving his pickup truck without having its headlights on. The police determined that respondent smelled of alcohol and he was found to have a blood alcohol level of 0.11 percent. When the police searched respondent's truck, they found a Sony car stereo, a woman's bicycle, a backpack, and a cassette tape case that had

---

[1] MCL 600.861(c)(i); MSA 27A.861(c)(i) provides that a party to a proceeding in the probate court may appeal as of right to this Court a final order of the probate court placing a child under its supervision. See *In re Meeboer*, 134 Mich App 294, 298-299; 350 NW2d 868 (1984); see also MCR 7.203(A)(2).

been stolen. The probate court subsequently entered a petition charging respondent with receiving or concealing stolen property in excess of $100 and operating a vehicle while visibly impaired.

Respondent filed a motion asking the probate court to place his case on the court's consent calendar pursuant to MCR 5.932(B). Petitioner objected, arguing that respondent's Vehicle Code offense could not be placed on the probate court's consent calendar because such action would conflict with MCR 5.925(E)(2)(b), which prohibits expungement of the record of an offense adjudication that, if committed by an adult, would be a criminal traffic violation. The probate court disagreed, granted respondent's motion, and subsequently accepted his guilty pleas.

On appeal, petitioner argues that the probate court's disposition of respondent's Vehicle Code violation through the use of its consent calendar pursuant to MCR 5.932(B) was error because it conflicted with the general prohibition against expungement of records of juvenile traffic offense adjudications. See MCR 5.925(E).[2]

In interpreting court rules, this Court applies principles of statutory construction. *Larson v Auto-Owners*

---

[2] Petitioner also argues that the probate court's action conflicted with the prohibition against setting aside a juvenile adjudication for a traffic offense. MCL 712A.18e; MSA 27.3178(598.18e) generally controls the process by which a person may apply for an order setting aside a juvenile adjudication. This statute explicitly prohibits a person from applying to set aside, and a court from setting aside, an adjudication for a traffic offense. MCL 712A.18e(2); MSA 27.3178(598.18e)(2). Respondent has not applied to have his traffic offense adjudication set aside, and there is no indication that he will. Therefore, we do not address the issue of setting aside respondent's traffic offense adjudication. Moreover, we note that the statute provides a means by which petitioner may contest the application to set aside respondent's traffic violation adjudication, if such an application is ever filed. MCL 712A.18e(7); MSA 27.3178(598.18e)(7).

*Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992).
Statutory interpretation is a question of law that is
reviewed de novo for error on appeal. *Shurlow v
Bonthuis*, 218 Mich App 142, 145; 553 NW2d 366
(1996).

MCR 5.932(B) provides, in pertinent part:

> Consent Calendar. If it appears that protective and sup-
> portive action by the court will serve the best interests of
> the juvenile and the public, the court may, on authorizing
> the filing of a petition or on receipt of a citation or appear-
> ance ticket, and with consent of the juvenile and parent,
> proceed informally to hear the matter on the consent calen-
> dar in the manner provided in this subrule.
>
> (1) Notice. Formal notice is not required.
>
> (2) Limited Disposition. If, after hearing, the court finds
> the accusation is true, it may dispose of the matter pursu-
> ant to MCL 712A.18; MSA 27.3178(598.18), except that the
> juvenile shall not be removed from the custody of the par-
> ent. If, after hearing, the court finds that the juvenile has
> violated the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA
> 9.1801 *et seq.*, the court must fulfill the reporting require-
> ments imposed by MCL 712A.2b(d), 257.732; MSA
> 27.3178(598.2b)(d), 9.2432.

Generally, the purpose of formal juvenile proceed-
ings is to determine whether the juvenile comes
within the jurisdiction of the probate court. *In re
Alton*, 203 Mich App 405, 408; 513 NW2d 162 (1994);
see also MCR 5.903(A)(19). MCR 5.932(B) merely pro-
vides a means by which the juvenile and the parents
may consent to the jurisdiction of the probate court.
Pursuant to the rule, the parties waive formal notice
requirements. The probate court may then order any
disposition provided for in MCL 712A.18; MSA
27.3178(598.18), except it may not remove the juve-
nile from parental custody. If, as here, the probate

court finds that the juvenile has committed a violation of the Vehicle Code, the probate court must forward a copy of the record of the juvenile proceedings to the Secretary of State for recordation. MCR 5.932(B)(2); MCL 712A.2b(d); MSA 27.3178(598.2b)(d), MCL 257.732; MSA 9.2432.

The court rules give special consideration to the records of a juvenile's traffic violation adjudications. MCR 5.925(E) provides, in pertinent part:

> (2) Court Files and Records.
>
> (a) General. The court may at any time for good cause expunge its own files and records pertaining to an offense by . . . a minor other than an adjudicated offense described in subrule (E)(3)(a) . . . .
>
> (b) Delinquency Files and Records. . . . The court must expunge the files and records pertaining to a person's juvenile offenses, other than any adjudicated offense described in subrule (E)(3)(a) . . . , when the person becomes 30 years of age.
>
> \*     \*     \*
>
> (3) Setting Aside Adjudications.
>
> (a) Life Offenses and Criminal Traffic Violations. The court may not set aside an adjudication of an offense . . . which if committed by an adult would be a criminal traffic violation.

There is simply no support for petitioner's assertion that the transfer of respondent's traffic violation proceedings to the probate court's consent calendar conflicted with the pertinent court rules or statutes. This Court must interpret the court rules in accordance with their plain language. *Adair v Detroit*, 198 Mich App 506, 510; 498 NW2d 924 (1993). Moreover, this Court should avoid any construction that would render a court rule, or any part of it, surplusage or

nugatory. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). MCR 5.932(B)(2) plainly indicates that the probate court may dispose of juvenile traffic violations through the use of its consent calendar, subject to the reporting requirements of MCL 712A.2b(d); MSA 27.3178(598.2b)(d) and MCL 257.732; MSA 9.2432. To interpret this court rule otherwise would deny its plain meaning, as well as render nugatory its language dealing with consent dispositions of traffic code violations. Therefore, petitioner's contention that the court rules prohibited the probate court's action in the instant matter is without merit.

Instead of presenting this Court with a justiciable controversy, petitioner takes issue with an error that the probate court has not yet committed and may never commit. While there is some indication from the transcripts that the probate court believed it could expunge the record of respondent's traffic offense adjudication sometime in the future either after respondent successfully completed the terms of his probation or after he turned eighteen, petitioner has failed to submit evidence that the probate court actually did so.[3] Clearly, petitioner has failed to present this Court with an error of sufficient ripeness to warrant our intervention. See *Health Central v Comm'r of Ins*, 152 Mich App 336, 349; 393 NW2d 625 (1986).

Additionally, petitioner submits to this Court a juvenile consent agreement it alleges that the Oakland County Probate Court uses. The sample agreement provides: "After a successful Consent probation

---

[3] We do note that the probate court cannot expunge the record of respondent's traffic offense adjudication pursuant to the mandate of MCL 712A.18e; MSA 27.3178(598.18e). See also n 2.

period, the records may be destroyed after the juvenile's 18th birthday. However, if new charges are found to be true, the Consent records will not be destroyed until the person's 30th birthday." First, there is no indication that respondent signed this agreement when he consented to the probate court's jurisdiction, because this agreement does not appear in his file. Second, this agreement does not purport to contradict the terms of MCR 5.925(E)(2)(a) in relation to the general prohibition against expungement of records of juvenile traffic violation adjudications. Third, although petitioner argues that the Oakland County Probate Court has a general policy of expunging records of juvenile traffic violation adjudications placed on its consent calendar, there is simply no evidentiary support for this assertion. Even if it were true, it is unfair to require respondent to defend the practice of the probate court where there is no indication that he actually received, or will receive, the benefit of such a policy. If petitioner seeks to challenge the generalized practice of the Oakland County Probate Court, it should bring an action for superintending control against the appropriate parties. See *Detroit v Recorder's Court Judge*, 104 Mich App 214, 221; 304 NW2d 829 (1981). This appeal is simply not the appropriate vehicle with which to address the probate court's alleged improper practice.

Lastly, petitioner alleges that the probate court erred in not reporting respondent's traffic violation to the Secretary of State. Although not conclusive, there is support for this allegation. Therefore, we remand this matter to the probate court with directions to report respondent's violation of the Vehicle Code in

accordance with MCR 5.932(B)(2), if the probate court has not done so.

Affirmed and remanded for action consistent with this opinion. We do not retain jurisdiction.

NEFF, J., concurred.

SAAD, P.J. I concur in the result only.